(Nos. 53296, 53698 cons.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. EVERETT JUNIOR CONOVER, Appellant.—THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. JOHN JONES, Appellant.

*Opinion filed March 31, 1981.*

Robert Agostinelli, Deputy Defender, and Thomas A. Lilien and Stephen Omolecki, Assistant Defenders, of the Office of State Appellate Defender, of Ottawa, for appellant Everett Junior Conover.

Tyrone C. Fahner, Attorney General, of Springfield (Melbourne A. Noel, Jr., Thomas E. Holum, and Maureen Cain, Assistant Attorneys General, of Chicago, of counsel), for the People.

Tyrone C. Fahner, Attorney General, of Springfield (Melbourne A. Noel, Jr., Thomas E. Holum, and Maureen Cain, Assistant Attorneys General, of Chicago, of counsel), for the People.

Robert Agostinelli, Deputy Defender, and Stephen Omolecki and Peter A. Carusona, Assistant Defenders, of the Office of State Appellate Defender, of Ottawa, for appellant John Jones.

MR. JUSTICE MORAN delivered the opinion of the court:

In the first of two cases, consolidated on this appeal, defendant, Everett Junior Conover, was convicted in the circuit court of Hancock County of burglary and sentenced to a six-year term of imprisonment. In the second case, defendant, John Jones, was convicted in the circuit court of Rock Island County of theft of property having a value in excess of $150 and placed on three-year probation. His probation was revoked following proof that he

had knowingly obtained unauthorized control over currency from another person. He was then sentenced to a five-year term of imprisonment. In both cases, the appellate court affirmed. *People v. Conover* (1980), 83 Ill. App. 3d 87; *People v. Jones* (1980), 85 Ill. App. 3d 1200 (order under Supreme Court Rule 23).

There is but one question to be resolved: Can the proceeds taken by a defendant convicted of either the offense of burglary with intent to commit theft or the offense of theft be considered as an aggravating factor under the Unified Code of Corrections (Code), section 5—5—3.2 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2)?

In *Conover,* the trial court cited defendant's prior record, the need for deterrence, and the defendant's receipt of compensation in the form of the burglary's proceeds as aggravating factors. The six-year sentence was one year under the maximum. In *Jones,* the trial court considered the defendant's prior record, the violation of defendant's position of public trust, the need for deterrence, and the defendant's receipt of compensation from the original theft in imposing the maximum five-year prison sentence.

Section 5—5—3.2(a) of the Code provides:

> "The following factors shall be accorded weight in favor of imposing a term of imprisonment or may be considered by the court as reasons to impose a more severe sentence under Section 5—8—1:
> ***
> (2) the defendant received compensation for committing the offense." Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—5—3.2.

The State argues that the statutory language includes receiving the proceeds of an offense. Under this interpretation, any crime from which the defendant obtains proceeds would be subject to this aggravating factor. Defendants, on the other hand, argue that the statutory language refers to crimes that an offender has been hired to commit.

They contend that if receipt of proceeds constitutes a factor in aggravation, then in most burglaries and in every theft a greater penalty than that intended by the specific statutes can be imposed.

As recognized by the appellate court and by all parties concerned, there is a paucity of law aiding in the understanding of what is meant by the term "compensation" in the instant statute. We believe, however, that this court's recent decision in *People v. Brownell* (1980), 79 Ill. 2d 508, has application to this case. In *Brownell,* the trial court relied on two aggravating factors in sentencing the defendant: (1) Defendant intentionally murdered his victim in the course of two other felonies and (2) the victim was an eyewitness or possessed other material evidence against defendant as the subject of a kidnapping and rape. The court concluded that the General Assembly did not intend to apply the second factor in aggravation to an offense that occurred in the course of the commission of murder, and stated:

"[W]ere we to adopt the trial court's finding, this aggravating factor could apply in every prosecution for murder where another offense contemporaneously occurs because the victim could have been a witness against the defendant. Or, even more broadly, this aggravating factor could apply to every prosecution for murder since every victim, obviously, is prevented from testifying against the defendant. We do not think the General Assembly intended the death penalty to be applied in every murder case, and, if it did, the General Assembly could certainly find a more direct way to express its intent than through this aggravating factor." 79 Ill. 2d 508, 526.

The State attempts to distinguish *Brownell* from the instant case on the basis that the aggravating factor discussed in *Brownell* applied only in sentencing for murder,

while the sentencing statute in this case is generic in nature and applies to all violations of the Criminal Code of 1961 (Criminal Code). Although the State's observation is correct, its conclusion is inconsistent with the reasoning underlying *Brownell.* Just as this court determined in *Brownell* that a factor necessarily implicit in every murder should not be utilized as an aggravating factor, we believe that a factor implicit in most burglaries and every theft should not be used as an aggravating factor at sentencing.

The State, in oral argument, contends that if the legislature had intended the statute to apply only to offenses one was hired to commit, the language could have been made more specific as was done in section 9—1(b)(5) of the Criminal Code, under factors in aggravation for the offense of murder. (See Ill. Rev. Stat. 1979, ch. 38, par. 9—1(b)(5).) Section 9—1(b)(5) applies only to one who may be sentenced to death after the State has sought the death penalty following a murder conviction. That section does not apply to any other offenses, nor does it use the term "compensation." The presence of the language in the death-sentencing provision is not inconsistent with interpreting "compensation for committing the offense" in the general sentencing provision of section 5—5—3.2(a)(2) as referring to offenses where one was hired to commit a crime. Further, the phrase in the statute at issue does not merely state "compensation" but "compensation for committing the offense." If one substitutes the appellate court's definition of "payment" for the term "compensation," the provision refers to "payment for committing the offense." This suggests some kind of agreement or contract and implies that it was something other than the proceeds taken in the commission of the offense.

The legislature has established the range of penalties to be imposed in burglary (Ill. Rev. Stat. 1979, ch. 38, par. 19—1) and in theft (Ill. Rev. Stat. 1979, ch. 38, par. 16—1)

in those specific sections. Inasmuch as most burglaries and every theft involve proceeds, it is reasonable to conclude that the legislature already considered that factor in establishing the penalties. If the General Assembly had intended that proceeds be utilized again to impose a more severe penalty for those offenses, such intent would be more clearly expressed. Consequently, we believe receiving compensation for committing the offense under the statute applies only to a defendant who receives remuneration, other than proceeds from the offense itself, to commit a crime. It is reasonable to conclude that, just as it did in allowing the death sentence for one who is hired to commit murder, the legislature intended to impose a harsher sentence on one who is paid to commit a burglary or theft than on one who commits it on his own volition. As the State recognized, the statute at issue is general in nature and applies to all violations of the Criminal Code. We hold that section 5—5—3.2(a)(2) of the Unified Code of Corrections may be considered as a factor in aggravation only when one is remunerated, as explained above, to commit an offense, whether the offense is burglary or theft, where proceeds may be taken, or the crime is one that does not involve proceeds, *e.g.,* aggravated battery.

Inasmuch as the trial court in each case improperly considered defendant's taking of proceeds as an aggravating factor in sentencing and because we cannot determine how much weight that factor was accorded, both cases must be remanded for reconsideration of the sentences. In light of this holding, it is unnecessary to address defendant Jones' second argument that the trial court abused its discretion in not considering mitigating factors and in imposing the maximum sentence.

For the reasons stated, the judgments of the appellate court are reversed; the sentence of Everett Junior Conover is vacated and the cause is remanded to the circuit court of Hancock County for a new sentencing hearing; the sen-

tence of John Jones is vacated and the cause is remanded to the circuit court of Rock Island County for a new sentencing hearing.

*Judgments reversed;*
*sentences vacated;*
*causes remanded.*