THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* THOMAS J. GLASS, Defendant-Appellant.

Third District    No. 81-19

Opinion filed July 28, 1981.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Gerry R. Arnold, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

In this appeal by the defendant, Thomas J. Glass, from his conviction for armed robbery, entered in the Circuit Court of Peoria County, only one issue is raised, whether the sentence imposed was excessive. The defendant was sentenced to a term of imprisonment of 16 years. We affirm.

The defendant's contentions are two: (1) that the trial court did not consider certain mitigating factors, and (2) that the trial court improperly considered as an aggravating factor that the defendant attempted to receive compensation for the offense. Neither contention has merit.

As to the first contention, the defendant points out that at the time of the offense, the defendant was 24 years old and supported two children. When he last left prison, he secured employment and was described by a former employer as a good employee. The defendant adds he was repentant and openly acknowledged his guilt. During the course of the day on which he committed the offense, he was drinking and using pills. Lastly, the defendant points to the record which indicates, according to the defendant, that he used "neither excessive force nor physical violence during the commission of the offense."

■■ The test for determining whether a sentence is excessive is whether the trial court abused its discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) A reviewing court will not reduce a sentence merely as an act of judicial clemency. (*People v. Aristole* (1971), 131 Ill. App. 2d 175, 268 N.E.2d 227.) Since armed robbery is a Class X felony (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(b)), the defendant could have been sentenced to as much as 30 years imprisonment, even though the minimum sentence has been set at six years. Ill. Rev. Stat. 1979, ch. 38, par. 1005—8—1(a)(3).

■■ We find no abuse of discretion. The sentence imposed is supported by the defendant's prior criminal history (convictions for theft and aggravated battery), as well as the nature and circumstances of the offense. The evidence established, according to the jury, that the defendant, while wearing a gorilla mask, entered a Convenient Food Store,

pulled a gun on two employees, and demanded money. Defendant was apprehended as he tried to make his getaway.

■■ Nor do we find that the trial court considered that the defendant attempted to or received compensation for committing the offense. Under *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, it would be improper for the trial court to consider a receipt of proceeds from the offense as receiving compensation for committing the offense.

The defendant points to a prosecutor's statement in which it was argued that the defendant received compensation by making off with the money, and to two statements by the trial court that the defendant committed the offense because he needed money. The defendant then tries to tie these together, contending the trial court must have embraced the prosecutor's rationale. We see no evidence of this.

The trial court never mentioned compensation. Furthermore, the defendant's motive for committing the offense is relevant to whether the defendant's conduct was the result of circumstances unlikely to recur. (Ill. Rev. Stat. 1979, ch. 38, par. 105—5—3.1(a)(8).) If the offense resulted from a need for money, a circumstance which is likely to recur, the statutory mitigating factor is not available to the defendant. But this factor has nothing to do with a consideration of whether the defendant received compensation for committing the offense.

The trial court, in pronouncing sentence, rendered a very rational and thoughtful exposition which detailed the factors considered relevant to sentencing in this case. The court's explanation was both straightforward and factually and legally correct. Because it is so well stated, we set it forth here in its entirety:

"At this time the Court will set forth the reasons for the imposition of the particular sentence it will be entering and will now specify the particular evidence, information, factors, and other reasons that led it to its sentencing determination.

I would take up first those matters set forth in our statute as factors in mitigation and then also those as factors in aggravation and I will touch upon each of those.

The Defendant's criminal conduct in this case did not cause physical harm to anyone. It did, however, threaten serious physical harm. This robbery was committed by a gun. A gun that was cocked during the process of the robbery. And the Defendant must have contemplated that his conduct would either cause or threaten serious physical harm to another.

The robbery was committed only because of the threat of serious physical harm and it is certainly to be contemplated that if something goes wrong during that time somebody will get hurt and perhaps killed.

If the victim attempts to flee, if the victim attempts to prevent the crime that could well occur and in fact a gun is taken, of course, for the purpose of accomplishing a criminal activity.

I would mention by way of matters that have been testified to here at the sentencing hearing and also evidence at the trial that the Defendant feels that he was influenced at least to some extent or his behaviour influenced by the taking of Valium drugs and liquor.

I would point out that the evidence showed a well executed armed robbery. Physically and mentally there had to be some thought given to the fact that when the person went into the store he did not go in his normal manner but instead put on a mask and put on gloves. So his thinking processes were working.

He was able to hold a cocked gun without the trigger being pulled. But if he were being influenced by liquor and drugs I suppose these two young victims could say that their lives were spared only by a hair's breadth. And so certainly the contemplation of serious physical harm had to be here.

The Defendant did not act under a strong provocation. The only provocation given was that of the need of money. And that's seemingly almost a universal need and if everybody that needed money committed an armed robbery then, of course, our society is threatened to the utmost.

There were no grounds to excuse or to justify the Defendant's conduct. His conduct was not induced or facilitated by someone other than himself. The Defendant does have a history of prior criminality.

The Court does not feel that his conduct was the result of circumstances unlikely to recur. Nor can the Court say that the character and attitudes of the Defendant indicate that he is unlikely to commit another crime. As was mentioned earlier, the only reason given for the crime was a need of money and I presume that again in his life sometime there is going to be a need of money again.

It is true that the Defendant, and he is to be given credit, had admitted his guilt here and has stated his sorrow for that and expressed the desire that the clock be turned back to where this crime was not committed.

Unfortunately, every one of us in this earth knows that you cannot set a clock back. And once we have done something there is no undoing of it. And we know that when we do it. And we think about that when we do it.

The Defendant has indicated that he feels that the life in the penitentiary is a horrifying experience. And I don't doubt that but

that does make me wonder why having twice been sent to the penitentiary he would commit another crime. I would think that if that's such a horrible experience you would make sure that you wouldn't commit another crime because committing another crime is going to send you back to the horrifying experience.

The Court feels that there are no other matters—factors in mitigation that will apply here, involving dependent or medical condition.

The matters of factors in aggravation to some extent have already been touched upon. The conduct of the Defendant having threatened serious harm. That he has a history of prior criminal activity. The presentence report points out that he was sent to the penitentiary for a felony offense in 1974. He was again sent to the penitentiary for a felony offense of aggravated battery in 1975. And was parolled on March the 18, 1977, and some two and a half years later then committed the offense of armed robbery which is before the Court now.

The Court feels that the sentence to be imposed is necessary to deter others from committing the same crime. And the Court would hope that the sentence to be imposed would convince the Defendant of the undesirability of committing felony offenses or any criminal offenses.

I believe that the evidence shows the victims in this case, a young lady and a young man, high school students, both worked part time to gain money, I presume.

It is the order and judgment of the Court that the Defendant, Thomas J. Glass, be and he is sentenced for the commission of the crime of armed robbery to imprisonment for the determinate term of 16 years or until he is discharged by law. And for such imprisonment the said Defendant is ordered committed to the penitentiary system of the Illinois Department of Corrections."

For the foregoing reasons, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

SCOTT, P. J., and BARRY, J., concur.