THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MANUEL VERNELL BERRY, Defendant-Appellant.

Fifth District No. 82—511

Opinion filed February 24, 1984.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, and Laura Schuett, law student, for appellant.

Terry M. Green, State's Attorney, of Benton (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WELCH delivered the opinion of the court:

Defendant Manuel Vernell Berry was convicted, following a jury trial in the circuit court of Franklin County, of five counts of unlawful delivery of a controlled substance. He was sentenced to a determinate term of four years' imprisonment on count I, delivery of cocaine, and five years for each of four counts of delivery of heroin. The sentences were ordered to be served consecutively and the

defendant was fined $5,000 on each count. On appeal, the defendant asserts, *inter alia*, that the trial court improperly found the statutory aggravating factor of compensation to be present based on the proceeds of the drug sales.

In a written order, filed August 23, 1982, the trial court found that the defendant received compensation for committing the offenses. At the sentencing hearing the trial court emphasized that the defendant assumed the risk of criminal penalties because drug transactions were so profitable. In imposing the $25,000 fine, the court stated, "The purpose of this fine is *** to remove the profit element from illegal trafficking in drugs and to deter others from engaging in similar conduct."

■ The defendant asserts that he is entitled to a new sentencing hearing because the trial court did not follow *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906. In *Conover*, the Illinois Supreme Court stated:

> "Inasmuch as most burglaries and every theft involve proceeds, it is reasonable to conclude that the legislature already considered that factor in establishing the penalties. If the General Assembly had intended that proceeds be utilized again to impose a more severe penalty for those offenses, such intent would be more clearly expressed. Consequently, we believe receiving compensation for committing the offense under the statute applies only to a defendant who receives remuneration, other than proceeds from the offense itself, to commit a crime. It is reasonable to conclude that, just as it did in allowing the death sentence for one who is hired to commit murder, the legislature intended to impose a harsher sentence on one who is paid to commit a burglary or theft than on one who commits it on his own volition." (*People v. Conover* (1981), 84 Ill. 2d 400, 405, 419 N.E.2d 906, 909.)

The reasoning of the court in *Conover*, the defendant argues, applies with equal force to the case at bar. We agree. In fixing the penalty for delivery of controlled substances, the legislature took into account the fact that the person making delivery is often paid by the person accepting the drugs. The defendant should not receive a harsher sentence partially because he was paid by the undercover police officer who accepted the drugs.

We are not persuaded by the State's argument that *Conover* does not apply here because the delivery of a controlled substance (Ill. Rev. Stat. 1981, ch. 56½, par. 1401) can be committed without money changing hands. A burglary can be committed even though

the burglar does not receive any proceeds. The offense of burglary is complete as soon as there is an unauthorized entry into a building with the intent to commit a felony (Ill. Rev. Stat. 1981, ch. 38, par. 19—1). Nonetheless, the *Conover* court noted that most burglaries do involve proceeds and the legislature had already considered that fact in establishing a penalty. Likewise, in the case at bar, the legislature was no doubt aware of the fact that few drug deliveries are made as gifts. Most drug deliveries involve proceeds, yet it is improper by the terms of the Illinois Supreme Court's *Conover* decision to consider this profit at sentencing as the aggravating factor of compensation.

■ The State correctly notes that reliance on an improper sentencing factor does not always require remandment for sentencing. When it can be determined from the record that the weight placed on the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence, remandment is not required. (*People v. Bourke* (1983), 96 Ill. 2d 327, 449 N.E.2d 1338.) In the case at bar, however, the sentencing court placed great emphasis on the profitability of drug transactions and the fact that the defendant was receiving large sums of money for the drugs he sold. After discussing this factor at length, the court imposed prison terms totalling 24 years and fines totalling $25,000. Given the record before us in the case at bar, we cannot say the improperly considered aggravating factor was so insignificant that it did not lead to a greater sentence.

For the reasons stated, the defendant's sentences are vacated and the cause is remanded to the circuit court of Franklin County for a new sentencing hearing.

Sentences vacated, cause remanded.

JONES and HARRISON, JJ., concur.