THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
PAM GARRETT, Defendant-Appellant.

Third District No. 3—86—0621

Opinion filed February 10, 1987.

HEIPLE, J., dissenting.

Thomas A. Lilien, of State Appellate Defender's Office, of Ottawa, for
appellant.

Greg McClintock, State's Attorney, of Monmouth (Rita Kennedy Mertel,
of State's Attorneys Appellate Prosecutor's Office, of counsel), for the Peo-
ple.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Pam Garrett, appeals from denial of her motion to vacate her plea of guilty to two Class 3 felony counts and one Class 4 felony count of unlawful delivery of cannabis. (Ill. Rev. Stat. 1985, ch. 56½, pars. 705(c), 705(d), respectively.) She argues that the court abused its discretion in imposing concurrent two-year sentences of imprisonment for each of the three convictions. We reverse.

The factual basis for the defendant's guilty pleas showed that the defendant and her boyfriend received payment for delivery of marijuana to undercover police. In sentencing the defendant, the court found in mitigation that the defendant's conduct neither caused nor threatened serious physical harm to another and that the defendant did not contemplate that her conduct would cause such harm. In aggravation, the court found that the defendant received compensation for committing the offense, that the defendant had a history of prior criminal activity, and that the sentence was necessary to deter others.

On appeal, the defendant argues that she should be resentenced. In support of that argument, the defendant argues that the court improperly relied upon the aggravating factor that she received compensation for her offenses. She also notes both that the court made no explicit findings to explain its order of imprisonment for her probationable offenses and that it failed to note in mitigation that her offenses were induced or facilitated by her codefendant boyfriend. The defendant additionally argues that the court failed to adequately consider her age, her minimal prior criminal history, her current pregnancy, and her desire and preparation to reform herself.

■■ Sentencing is a matter for the sound discretion of the trial court, and we will not disturb a sentencing order unless it represents an abuse of that discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) However, we must remand for resentencing when the court improperly considered a factor in aggravation and we cannot determine how much weight that factor was accorded. *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.

■ We find that under *Conover*, the trial court improperly considered in aggravation that the defendant received compensation for her offenses. The State's argument that receipt of compensation was not implicit in the offense of delivery of cannabis is without merit. We reject it, as the fifth district rejected the State's analogous argument in *People v. Berry* (1984), 122 Ill. App. 3d 1035, 462 N.E.2d 530. The State correctly notes that the statutes defining the defendant's offenses do not require that one receive compensation to violate their terms. Nevertheless, as the *Conover* court found that compensation

was a factor implicit in most burglaries and thus not properly used as an aggravating factor at sentencing for burglary, we find here that the compensation factor implicit in most deliveries of at least 10 grams of cannabis may not have been properly considered to aggravate the defendant's sentences.

The State argues that even if the compensation factor was improperly considered, we need not remand for resentencing. We disagree.

The instant offenses were probationable, and under Section 5—6—1(a) of the Unified Code of Corrections (the Code), the court was obligated to impose a sentence of probation or conditional discharge unless, after considering the characteristics of the defendants and the offenses, it was of the opinion that either: (1) such a sentence would deprecate the seriousness of the defendant's conduct and be inconsistent with the ends of justice; or (2) the defendant's imprisonment was necessary for protection of the public. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(a).) Additionally, there was extensive evidence weighing against imposition of a sentence of imprisonment. (See Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a).) As the court found in mitigation, serious physical harm to another was absent from both the defendant's conduct and her contemplation. In further mitigation, the 22-year-old defendant's offense was induced or facilitated by her boyfriend; the defendant had a good work history; she had received her high school equivalency diploma; she had a stable and supportive family; and she had demonstrated her determination to henceforth lead a law-abiding life. Additionally, the defendant's prior criminal conduct was minimal.

Given the statutory presumption for probation and the extensive evidence in mitigation, it is apparent that in deciding to impose a term of imprisonment, the court was influenced under section 5—5—3.2 of the Code (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2) by its improper finding in aggravation. As we cannot determine how the court weighed the improper factor, we must remand for resentencing.

Based on the foregoing, the judgment of the circuit court of Warren County is reversed. The cause is remanded for resentencing.

Reversed and remanded with instructions.

WOMBACHER, J., concurs.

JUSTICE HEIPLE, dissenting:
The defendant, Pam Garrett, was engaged in an ongoing commer-

cial course of conduct in selling cannabis. She pleaded guilty to two Class 3 felony counts and one Class 4 felony count of unlawful delivery of cannabis. The trial judge imposed concurrent sentences of two years on each conviction.

Finding that the trial judge committed error in considering compensation as an aggravating factor, the majority reverses and remands for resentencing. The trial judge was correct. The majority here is itself in error.

First off, the Illinois legislature made it perfectly clear that to violate the prohibition against delivery of cannabis requires only delivery, that is, actual, constructive or attempted transfer, "with or without consideration." (Ill. Rev. Stat. 1985, ch. 56½, par. 703(d).) The legislature provided for punishment of deliveries of cannabis whether or not money changed hands. Thus, the factor of compensation is neither implicit nor explicit in the stated offense. For the majority to state that compensation is implicit in the offense of delivery is, quite simply, to state something that is not so.

Since compensation is neither implicit nor explicit in the stated offense, it is a factor that may be considered by the trial judge as either aggravating or mitigating depending on the circumstances of the offense. For instance, a judge might view a continuing course of commercial delivery, as in the instant case, in a more serious light than a situation where a person merely gave cannabis to some pathetic person who was down and out.

Secondly, it is to be noted that the concurrent two-year sentences imposed by the trial judge were the minimum sentences under the statute for the two Class 3 felonies. The only other sentence that the trial judge could have imposed would have been probation. The majority opinion in this case is an end run around *People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541, which determined that a reviewing court does not have the authority to reduce a sentence of imprisonment to one of probation.

Undeniably, the defendant is to be pitied. She has a previous conviction record for possession of cannabis. She is pregnant though unmarried. Her boyfriend is facing a three-year prison sentence. She is facing a two-year prison sentence. She is suicidal. It is not for the appellate court, however, to usurp the sentencing function of the trial court or the clemency function of the executive branch.

Accordingly, I dissent.