THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT J. HARRISON, Defendant-Appellant.

Second District No. 2—86—0092

Opinion filed May 29, 1987.

G. Joseph Weller and Robert C. Cooper, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers and David A. Bernhard, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE NASH delivered the opinion of the court:

After entering a plea of guilty to the offense of unlawful delivery of a controlled substance (Ill. Rev. Stat. 1985, ch. 56½, par. 1401(a)), defendant, Robert Harrison, was fined $8,000 and sentenced to a term of 10 years' imprisonment. He appeals, contending the court erred in considering the profit he was to receive from the sale of cocaine as an aggravating factor in imposing sentence.

At the sentencing hearing, Special Agent Lawrence Oliver of the Lake County Metropolitan Enforcement Group testified that defendant offered to act as a middleman and sell Oliver four ounces of cocaine for $8,000. Defendant was to retain $800 of the purchase price for the transaction. Defendant delivered the cocaine to Oliver on March 12, 1985, and was placed under arrest.

Officer Richard Davies of the Vernon Hills police department testified that on November 28, 1984, defendant had been arrested for driving a stolen motor vehicle and possession of cocaine. He stated that defendant subsequently attempted to bribe Davies and another officer by first offering them the drugs and then offering them $10,000 to dispose of the narcotics. Defendant was out on bond from these offenses when the incident underlying the present conviction occurred.

Officer James Wilson of the Northbrook police department testified that on February 18, 1985, he was off-duty in a tavern and defendant struck him with a pistol in the face. He stated that he did not report the incident or press charges against defendant.

The State also admitted an evidence deposition of Kenneth Odom which stated that Odom was struck by defendant in a Baton Rouge, Louisiana, tavern where defendant was working as a bouncer in 1983. Defendant subsequently pleaded guilty to the offense of battery and was placed on two years' probation. He was still on probation at the time of the present offense.

The State further offered into evidence a report by Karen Purves, a drug counselor, which stated that defendant demonstrated a psychological addiction to alcohol and drugs, had a history of involvement in violent activities, and did not evidence a readiness to be involved in a treatment program.

Dr. Sharon Strauss, a clinical psychologist, testified for defendant and stated that defendant's alcohol and cocaine addictions had led him to engage in criminal conduct despite the fact that he did not have a criminal personality. She concluded that defendant was highly motivated for drug treatment and had an excellent potential for rehabilitation. Tony Lindsey, a drug prevention coordinator, testified that

defendant had participated regularly in a weekly drug education group and had an excellent chance of rehabilitation.

Henry Reed, an assistant jail superintendent at Lake County jail, testified that defendant had been a model prisoner during his 10-month incarceration and was selected as a jail trustee. Betty Lindquist, a probation officer, testified with respect to defendant's award-winning high school, collegiate and semiprofessional football career.

Defendant also offered into evidence a report by Dr. Leon Goldman, which stated that it was probable a drug rehabilitation program and psychotherapy would succeed in rehabilitating defendant. Also admitted into evidence were letters from a prison chaplain, an attorney acquainted with defendant, and defendant's high school coach which stated that defendant had a good character and excellent potential for rehabilitation.

The trial court found in mitigation that defendant had potential for rehabilitation and found as factors in aggravation that defendant would have received compensation of $800 for committing the offense, that he had a history of criminal activity, and that a sentence was necessary to deter others from committing the same crime. The trial court imposed the sentence from which defendant appeals, subsequently denied a motion by defendant to withdraw his guilty plea on the ground that the sentence was excessive, and this appeal followed.

■■ Defendant's sole contention on appeal is that the trial court imposed an excessive sentence because it improperly concluded that the receipt of proceeds from an illegal drug sale may constitute compensation under 5—5—3.2(a)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2(a)(2)). That section provides the court may consider the fact that "the defendant received compensation for committing the offense" as an aggravating factor in imposing sentence.

The State initially argues that defendant waived this issue by failing to raise it in his motion to withdraw his guilty plea. (*People v. Sierra* (1984), 122 Ill. App. 3d 822, 823, 461 N.E.2d 1079; *People v. Bartik* (1981), 94 Ill. App. 3d 696, 698, 418 N.E.2d 1108, *appeal denied* (1981), 85 Ill. 2d 567.) We first note that defense counsel did not raise the issue in his argument at the sentencing hearing, and this case is thus different from the circumstances addressed in *People v. Saldivar* (1986), 113 Ill. 2d 256, 266, 497 N.E.2d 1138, where our supreme court declined to apply the waiver rule in considering a similar issue. However, the waiver rule is one of administrative convenience rather than jurisdiction and plain errors or defects affecting substan-

tial rights may be noticed on review though not brought to the attention of the trial court. (*People v. Smith* (1985), 106 Ill. 2d 327, 333, 478 N.E.2d 357; *People v. Bailey* (1985), 132 Ill. App. 3d 399, 406, 476 N.E.2d 1360, *appeal denied* (1985), 108 Ill. 2d 573.) We consider the issue presented is one which may affect substantial rights and will not apply the waiver rule in this instance.

■■ Sentencing is a matter for the sound discretion of the trial court and a reviewing court will not disturb a sentencing order unless it represents an abuse of that discretion. (*People v. Morrison* (1985), 137 Ill. App. 3d 171, 185, 484 N.E.2d 329, *appeal denied* (1986), 111 Ill. 2d 593; *People v. Williams* (1985), 130 Ill. App. 3d 758, 762, 474 N.E.2d 1330.) However, when a sentencing court improperly considers a factor in aggravation and it cannot be determined how much weight that factor was accorded, a new sentencing hearing is required. *People v. Conover* (1981), 84 Ill. 2d 400, 405, 419 N.E.2d 906; *People v. Garrett* (1987), 152 Ill. App. 3d 212, 213, 504 N.E.2d 237.

In *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, the court determined that compensation for committing the offense under the aggravation statute could not include proceeds from a burglary because receipt of such proceeds was implicit in most burglaries. The court concluded that the element of compensation could only be considered as a factor in aggravation where one is remunerated to commit an offense where proceeds may be taken or the crime is one that does not involve proceeds. 84 Ill. 2d 400, 405.

■■ ■ In the present case, we agree with defendant that, as in a burglary, compensation is a factor implicit in most deliveries of a controlled substance and that factor thus falls within the prohibition established in *Conover*. (See also *People v. Garrett* (1987), 152 Ill. App. 3d 212, 214, 504 N.E.2d 237; *People v. Joy* (1986), 150 Ill. App. 3d 310, 316, 501 N.E.2d 1325; *People v. Berry* (1984), 122 Ill. App. 3d 1035, 1036, 462 N.E.2d 530.) We conclude that the trial court erred in considering that factor in sentencing defendant.

The State argues, however, that we need not remand for resentencing because the weight placed on the factor was so insignificant that it did not lead to a greater sentence. (*People v. Bourke* (1983), 96 Ill. 2d 327, 332, 449 N.E.2d 1338; *People v. Joy* (1986), 150 Ill. App. 3d 310, 316, 501 N.E.2d 1325.) We agree.

The trial court found in mitigation only that defendant had a potential for rehabilitation and found as factors in aggravation that defendant would have received compensation of $800 for committing the offense, that he had a history of criminal activity, and that a sentence was necessary to deter others from committing the same crime.

It is apparent from the record that the court merely noted the factor of compensation in passing, but placed great weight on the fact that defendant committed the present offense while on probation from a conviction of battery and on bond from an arrest for driving a stolen motor vehicle, possession of cocaine and bribery. The trial judge also noted that he believed Officer James Wilson's testimony that defendant had struck him with a pistol a month before the occurrence of the present offense. As the record demonstrates that the trial court placed little weight on the factor of compensation and that it was inconsequential in the determination of defendant's sentence, the court's error in considering the factor of compensation was harmless and remandment for resentencing is not required.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

HOPF and WOODWARD, JJ., concur.