THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARLOW SMITH, Defendant-Appellant.

Third District   No. 3—89—0677

Opinion filed June 19, 1990.

Joseph N. Ehmann, of State Appellate Defender's Office, of Ottawa, for appellant.

Greg McClintock, State's Attorney, of Monmouth (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant Marlow Smith appeals from the sentence imposed upon his guilty plea to a felony drug offense.

Defendant entered a negotiated plea of guilty to the offense of unlawful delivery of a controlled substance in the circuit court of Warren County, Illinois. (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2).) Upon judgment of conviction, the circuit court imposed an $895 drug fine and sentenced defendant to a five-year term of imprisonment in the Illinois Department of Corrections. Defendant now appeals.

We vacate the imposed sentence and remand the cause for a new sentencing hearing.

Defendant was originally charged with the following felony offenses: (1) unlawful delivery of a controlled substance (cocaine) (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)); (2) unlawful delivery of a controlled substance (cocaine) (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)); (3) unlawful distribution of a look-alike substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1404(b)); and (4) unlawful delivery of a controlled substance (methamphetamine) (Ill. Rev. Stat. 1987, ch. 56½, par. 1404(d)). These charges stemmed from an ongoing undercover narcotics investigation in Warren County, Illinois. Taken together, the underlying factual bases indicated defendant had delivered 4.6 grams of cocaine or methamphetamine-laced substances and 5.5 grams of a look-alike substance to undercover narcotics agents for a total payment of $895 on four separate occasions between April and June 1988.

We must initially address a challenge to our jurisdiction to dispose of this cause on its merits. The prosecution has moved to dismiss the appeal because defendant did not file a motion to reconsider his sentence or to withdraw his plea of guilty.

■ Defendant seeks to attack only the sentence imposed upon his plea in this case. Defendant apparently believed he faced no jurisdictional prerequisite other than the filing of his direct appeal. (*People v. Wilk* (1988), 124 Ill. 2d 93, 529 N.E.2d 218; *People v. Kennedy* (1989), 188 Ill. App. 3d 1, 543 N.E.2d 617.) In reliance on *Kennedy*, defendant believed he was not required to file either a motion to reconsider the sentence (Ill. Rev. Stat. 1987, ch. 38, par. 1005—8—1(c)), or a mo-

tion to withdraw his plea (107 Ill. 2d R. 604(d)), prior to bringing his appeal. In *People v. Carroll* (1990), 195 Ill. App. 3d 445, 552 N.E.2d 361, the second district of this court rejected the earlier decision by a divided panel of the court in *Kennedy* and concluded a literal reading of Rule 604(d) *requires* a motion to be filed when objecting to a sentence imposed on a plea of guilty. The prosecution contends this court does not have jurisdiction and asserts defendant has waived any issue regarding the propriety of his sentence. Given the inability of courts of review to apply *Wilk* on a consistent basis, we deny the prosecution's request to dismiss and decline to find waiver. Our construction of *Wilk*, *Kennedy*, and *Carroll* will wait for another day.

Defendant contends the circuit court improperly considered compensation as an aggravating factor in imposing sentence. We agree.

At the sentencing hearing, the circuit court placed great emphasis on the fact that defendant received compensation for his participation in illegal drug transactions. The circuit court stated the specific bases for its sentencing determination as follows:

> "There is no doubt that this drug business is serious. *You sold drugs for profit. You made profit by this. You got money in return.* I think it is common knowledge that drugs are harmful, and I don't think it can be said that you didn't intend to harm anybody. When you sell drugs to somebody the harm is potentially there. These are dangerous substances. I don't think the court can place you on probation, and I think because of the seriousness of the crime, the court is going to send you to the Department of Corrections * * *." (Emphasis added.)

In *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, the Illinois Supreme Court addressed the issue of whether proceeds from the charged offense could be considered as an aggravating factor in imposing sentence on a criminal defendant. After analyzing the public policy underlying the aggravation statute (Ill. Rev. Stat., 1988 Supp., ch. 38, par. 1005—5—3.2(a)(2)), the supreme court concluded the legislature had not intended that a defendant be subject to a more severe penalty when he shared in the proceeds of the crime. Proceeding further with its analysis, the court ultimately determined compensation should only be considered as a factor in aggravation when a defendant received remuneration to commit the charged offense. *Conover*, 84 Ill. 2d at 405, 419 N.E.2d at 909.

The reasoning of the court in *Conover* applies with equal force in this cause. Compensation is a factor implicit in most deliveries of a controlled substance. (See *People v. Berry* (1984), 122 Ill. App. 3d 1035, 462 N.E.2d 530; *People v. Garrett* (1987), 152 Ill. App.

3d 212, 504 N.E.2d 237; *People v. Harrison* (1987), 156 Ill. App. 3d 39, 508 N.E.2d 1226.) As such, we conclude the circuit court erred in considering that factor in sentencing defendant.

■ ■ Remandment is not necessarily required when the circuit court erroneously considers an improper aggravating factor in imposing sentence. That requirement depends entirely on the relative weight accorded to the factor. (*Conover*, 84 Ill. 2d at 405, 419 N.E.2d at 909.) Given the record in this cause, remandment for resentencing is necessary because we cannot say the weight accorded to the improper aggravating factor was so insignificant that it did not lead to a more severe penalty.

Defendant also contends the circuit court erred in calculating the imposed drug fine. We again agree.

■ Section 5—9—1.1 of the Unified Code of Corrections authorizes the imposition of a mandatory fine upon conviction of certain drug-related offenses. (Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1.) That section provides in pertinent part:

> "When a person has been *adjudged guilty* of a drug related offense involving * * * possession or delivery of a controlled substance * * * in addition to any other penalty imposed, a fine shall be levied by the court at not less than the full street value of the * * * controlled substances seized." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 38, par. 1005—9—1.1.

■ We find, given the emphasized statutory language, the circuit court erred in calculating the drug fine entered in this cause. The circuit court improperly based the fine on the total value of all narcotic contraband seized in the course of the undercover investigation. Defendant should have been fined for only that contraband supporting the charges underlying the instant conviction. (See *People v. Beavers* (1986), 141 Ill. App. 3d 790, 796, 491 N.E.2d 438, 443; *People v. Lusietto* (1988), 167 Ill. App. 3d 251, 253, 521 N.E.2d 174, 175-76.) Thus, pursuant to our appellate powers, we hereby reduce the fine imposed in this cause to the sum of $290. 107 Ill. 2d R. 615(b)(4).

For the foregoing reasons, we vacate the sentence imposed by the circuit court of Warren County. The cause is remanded for resentencing.

Sentence modified in part, vacated in part and remanded.

SPITZ and GREEN, JJ., concur.