THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD ELFGEN, Defendant-Appellant.

Fourth District   No. 4—91—0709

Opinion filed March 19, 1992.

Daniel D. Yuhas and Lori L. Mosby, both of State Appellate Defender's Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (Norbert J. Goetten, Robert J. Biderman, and Elliott Turpin, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

This is an appeal from a sentence by the circuit court of Sangamon County on April 22, 1991, pursuant to defendant's plea of guilty to the offense of aggravated battery with a firearm. (Ill. Rev. Stat. 1989, ch. 38, par. 12—4.2.) Defendant was sentenced to nine years' imprisonment for the offense. A *pro se* motion to reduce the sentence was heard on its merits and denied on September 20, 1991. This appeal follows.

■ Defendant claims the court erred in the determination of sentence by considering as aggravating factors both the nature of the offense and the fact that defendant had easy access to a firearm. Relying on *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906, defendant asserts that a trial judge may not consider in aggravation of sentence a factor that is implicit in the crime for which defendant is convicted. Claiming that the legislature considered the nature of the offense in making aggravated battery with a firearm a Class X

felony (see Ill. Rev. Stat. 1989, ch. 38, par. 12—4.2(b)), defendant contends that any further consideration of the nature of the offense is improper. Our supreme court addressed this problem in *People v. Saldivar* (1986), 113 Ill. 2d 256, 268-69, 497 N.E.2d 1138, 1142-43, when they held:

> "Although *Conover* stands for the proposition on which the defendant relies, this court did not intend a rigid application of the rule, thereby restricting the function of a sentencing judge by forcing him to ignore factors relevant to the imposition of sentence. *** A reasoned judgment as to the proper penalty to be imposed must therefore be based upon the particular circumstances of each individual case. [Citations.] Such a judgment depends upon many *relevant* factors, including the defendant's demeanor, habits, age, mentality, credibility, general moral character, and social environment [citations], as well as ' "the nature and circumstances of the offense, including the nature and extent of each element of the offense as committed by the defendant" ' [citations]." (Emphasis in original.)

The nature and circumstances of various aggravated-battery charges are relevant. Here, the defendant shot the victim in the chest three times. This conduct, for instance, is certainly relevant as compared with shooting a victim one time in the hand.

Defendant has overlooked the fact that the issue was faced squarely in the sentence hearing itself, where the trial court stated:

> "Several of the factors that might be aggravating factors, once again, I think are incorporated into the section or to the offense for which the Defendant has entered his plea in connection with this case, and therefore cannot be considered separate from the nature of the offense itself."

The trial court then lists the three factors considered relevant in the decision: (1) deterrence, (2) prior juvenile record, and (3) the fact that defendant had placed himself in a situation where he had easy access to a firearm.

Defendant claims it was also improper for the trial court to consider the fact that he had easy access to a firearm, when possession of a firearm is inherent in the offense itself. Had the trial court considered mere possession of a firearm as an aggravating factor in sentencing defendant, perhaps this argument would have merit. However, the trial record makes clear that the court was not concerned with mere possession of a firearm, but rather the fact that defendant, prior to the attack, had carried the weapon on his person for no apparent reason: "It was still a situation where you did not need to

have that firearm and it serves no purpose whatsoever." The court may consider all matters reflecting upon a defendant's personality, propensities, purposes, tendencies, general moral character, mentality, and social environment. (*People v. Barrow* (1989), 133 Ill. 2d 226, 281, 549 N.E.2d 240, 265.) A sentence imposed upon a defendant will not be overturned absent an abuse of discretion. (*People v. Cox* (1980), 82 Ill. 2d 268, 275, 412 N.E.2d 541, 545.) Aggravated battery with a firearm, a Class X felony, carries a minimum sentence of 6 and a maximum sentence of 30 years' imprisonment. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3).) The trial court did not abuse its discretion in sentencing defendant to a term of nine years' imprisonment, which was within the statutory sentencing range.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.