THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD MASON, Defendant-Appellant.

Third District   No. 3—91—0388

Opinion filed July 9, 1992.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCUSKEY delivered the opinion of the court:

Following a bench trial, the defendant, Harold Mason, appeals his convictions for attempted murder, armed robbery, and attempted armed robbery (Ill. Rev. Stat. 1991, ch. 38, pars. 8—4, 9—1, 18—2). The only issue on appeal is whether the trial judge considered an improper factor in sentencing. We find the trial judge did not consider any improper factors during sentencing. Therefore, we affirm.

According to the record, Cynthia Baltimore testified that she was getting ready to leave her home for work around 7 a.m. on February 6, 1990. Mason approached her in her driveway, pointed a handgun at her, and demanded her money. She told him to wait and walked back to her house. Mason followed her. When she reached the door, she called out for her boyfriend, Michael Hutson.

Hutson testified that he began to come down the stairs when he heard Baltimore calling for help. Mason stood in the doorway, pointed a gun at Baltimore, and warned Hutson not to come any farther or he would shoot her. Hutson stopped and tried to reason with Mason, but Mason said he would shoot everyone in the house if they did not give him all their money. Hutson noted that his son was nearby and feared that Mason would shoot the entire family. Hutson then went down the rest of the stairs and began struggling with Mason. As Hutson came down the stairs, Mason pointed the gun at him and pulled the trigger several times. The gun, however, did not fire.

Hutson managed to push Mason outside but was unable to close the door because a garbage bag was wedged in it. Mason pointed the gun inside at Hutson and Baltimore. Baltimore said that Mason pulled the trigger four or five times but the gun did not fire. After Hutson gave Mason $5, Mason ran away.

The trial judge found Mason guilty of the attempted murder and armed robbery of Hutson and the attempted armed robbery of Baltimore.

At the sentencing hearing, the trial judge stated that Mason had attempted to commit a horrendous crime. The judge noted that Mason had tried to murder Hutson in Hutson's home. The judge also pointed out the fact that the attempted murder occurred in front of Hutson's family. The judge observed that only the malfunctioning of the gun prevented the murder from occurring. When the judge later recounted the aggravating factors, he found that Mason had threatened serious harm in order to obtain a small amount of money. Thereafter, the court imposed a 10-year term of imprisonment.

On appeal, Mason argues that the judge erred in considering the threat of harm as an aggravating factor because such a factor is implicit in the offense. See *People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.

In *People v. Saldivar* (1986), 113 Ill. 2d 256, 497 N.E.2d 1138, the supreme court stated that a reasoned judgment as to the proper sentence must be based on the particular circumstances of each case. Consequently, a sentencing court could consider the degree of harm caused or threatened by the defendant, even where serious bodily harm was implicit in the offense.

When the trial judge's comments are read in context, it is clear that he was not considering the mere threat of harm as an aggravating factor. Rather, his concern was with the particular circumstances of the crimes. The judge specifically noted that Mason tried to murder Hutson in his own home and in front of his family in order to obtain a small amount of money. The judge went on to observe that only the malfunctioning of the gun prevented a murder from occurring. Consequently, the judge's comments were proper observations of the level of harm threatened by the offenses. We therefore affirm Mason's convictions and sentence.

The judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

GORMAN and SLATER, JJ., concur.