2023 IL App (1st) 201251-U

No. 1-20-1251

Order filed August 8, 2023

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 11153 |
| | ) | |
| PIERRE STOKES, | ) | Honorable |
| | ) | Kenneth J. Wadas, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE ELLIS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Affirmed. Trial court did not impose double enhancement in sentence.

¶ 2    Following a bench trial, defendant Pierre Stokes was convicted of unlawful use of a weapon

by a felon (UUWF) and sentenced to 12 years in prison. See 720 ILCS 5/24-1.1(a) (West 2014).

On appeal, defendant contends that the trial court improperly engaged in a "double enhancement"

at sentencing where it expressly considered in aggravation both that he had a prior felony

conviction for armed robbery, which was an element of the charged offense, and that he was on

parole at the time of the charged offense, a circumstance which was already used to enhance his conviction from a Class 3 to a Class 2 felony. For the reasons that follow, we affirm.

¶ 3 Defendant's conviction arose from the events of June 17, 2014. Following his arrest, he was charged by information with four counts of UUWF and four counts of aggravated unlawful use of a weapon (AUUW). The case proceeded to trial on all counts. Relevant here, count I alleged that defendant committed UUWF where he knowingly possessed on or about his person a handgun, after having been previously convicted of armed robbery, and indicated that the State sought to sentence him as a Class 2 offender because he was on parole or mandatory supervised release (MSR) at the time of the offense. Because defendant does not challenge the sufficiency of the evidence to sustain his conviction, we recount the facts here only as necessary to resolve the issue raised on appeal.

¶ 4 At trial, the State introduced evidence that on the day in question, defendant displayed a handgun during a verbal altercation with two people on a Chicago street. A responding officer also saw defendant with a handgun when defendant fled from police. The police then followed defendant into an apartment, where they recovered the handgun and arrested him. The State introduced a certified copy of conviction reflecting that defendant had been convicted of a 2009 armed robbery. The trial court found defendant guilty on all eight counts. Defendant filed a motion for a new trial, which the trial court denied.

¶ 5 At sentencing, the State presented six witnesses in aggravation to testify regarding defendant's criminal history and conduct and introduced an "IDOC mittimus sentence inquiry sheet" to show when defendant was on parole. The State highlighted some of the statutory factors in aggravation (see 730 ILCS 5/5-5-3.2 (West 2020)). Specifically, the State pointed out that

defendant's conduct threatened serious harm, that he had a history of prior delinquency or criminal activity, that a more severe sentence is necessary for deterrence, and that he was on parole at the time of the instant offense.

¶ 6     With regard to parole, the State asserted, "So while he is out on parole for an armed robbery he is in possession of this firearm, threatening two people with it, and running into a house while on parole. That's a factor for the Court to consider in aggravation." Then, after summarizing defendant's history of delinquency, the State highlighted the facts of his prior armed robbery conviction, as described by a detective who testified in aggravation. Finally, the State noted that while on bond for this case, defendant was arrested for misdemeanor disorderly conduct, and then, while still on bond and also on supervision for the disorderly conduct, was arrested and charged with three counts of attempted first degree murder. The State argued for the maximum sentence of 14 years.

¶ 7     Defense counsel countered that the court should not consider as an aggravating factor that the offense was committed while defendant was on parole. Counsel explained that "the charge" was "already aggravated to a Class 2" sentencing range of 3 to 14 years based on defendant having been on parole at the time of the offense thus "the aggravation is already contemplated within the charge." The court answered, "Yeah. The sentencing range here is 3 to 14 years and that's it." The State concurred, stating that it understood what counsel was saying and did not object.

¶ 8     Defense counsel argued that defendant's conduct during the instant offense was not threatening, and that he had strong family support. With regard to the 2009 armed robbery, counsel noted that it was committed when defendant was 19 years old, when his prefrontal cortex was not fully developed. Counsel also argued that where defendant had been charged with armed robbery

with a firearm, but pled guilty to and was sentenced for armed robbery, "either there were significant mitigating factors or the facts were not as they were originally presented." Counsel suggested that a five-year sentence would be appropriate.

¶ 9    The trial court indicated that it was not considering in aggravation the witness testimony regarding fights in jail, defendant's juvenile offenses, or the "facts and circumstances" of the 2009 armed robbery beyond the entry in the presentence investigation report "that said armed robbery, no firearm, guilty sentence, 6 years IDOC."

¶ 10    The trial court merged counts II through VIII into UUWF count I and imposed a sentence of 12 years in prison on that count. In announcing sentence, the court stated as follows:

> "I have considered all the factors in aggravation and mitigation pretty much as outlined by the State. And I more or less agree with the State's analysis. I don't give any greater weight for one factor than another. But, you know, when someone commits a gun case after being on parole for armed robbery, it does make you stand up and take notice about defendant's rehabilitative potential. And even though considering his relatively youthful age when he committed the offense, nevertheless it's basic when you commit something like armed robbery and you go to the penitentiary for 6 years, you know you are never supposed to be anywhere near a handgun for the rest of your natural life if you're going to live in the State of Illinois. That's the bottom line.
>
> And in this case, [defendant], in my view, what he—his actions were more than the standard unlawful use of a weapon by a felon. If there wasn't a direct threat, there was an implied threat to those two individuals where the defendant apparently attempted to try to display the weapon, although maybe not fully display it. They were—at least the female

was in fear and had a right to be concerned. He then fled the scene, went to another location, and again attempted to escape detection and was ultimately determined to be in possession of a handgun at that second location.

I'm not giving any weight really to any juvenile adjudication, although they are serious. I mean, they're not—residential burglary is not a small offense, possession of stolen motor vehicle is not a small offense. So it's like he graduated from those type offenses and piled it onto the big leagues with the Class X felony and now the gun case after that Class X felony. I don't think 5 years is an appropriate sentence on this case. I think the appropriate sentence is—and I don't agree—I'm not going to give him the maximum, but I believe the appropriate sentence is 12 years in the Illinois Department of Corrections."

¶ 11   Defendant filed a motion to reconsider sentence arguing, among other things, that the trial court improperly considered in aggravation matters that were implicit in the offense. The trial court denied the motion without comment. Defendant filed a timely notice of appeal.

¶ 12   On appeal, defendant solely contends that the trial court improperly engaged in a "double enhancement" at sentencing where it expressly considered in aggravation both that he had a prior felony conviction for armed robbery, which was an element of the UUWF charge, and that he was on parole at the time of the offense, a circumstance which was already used to enhance his conviction from a Class 3 to Class 2 felony. He argues that the trial court clearly stated that it was basing its sentence on the fact that he committed the instant offense after being convicted of armed robbery and while on parole for that armed robbery. He maintains that it was improper for the trial

court to use that prior conviction and his parole status both to convict him of Class 2 UUWF and to aggravate his sentence. As relief, he seeks remand for resentencing.

¶ 13    As an initial matter, defendant claims he did not forfeit this issue below, even though he did not raise it contemporaneously at trial; he says it suffices that he raised the objection in his post-trial motion. Usually, a sentencing error must be raised in both a contemporaneous objection and a postsentencing motion. *People v. Hillier*, 237 Ill. 2d 539, 544 (2010). Defendant claims that, under *People v. Saldivar*, 113 Ill. 2d 256, 266 (1986), and *People v. Martin*, 119 Ill. 2d 453, 460 (1988), that rule does not apply here. We need not address this argument, because we find that there was no double enhancement and thus no error, in any event.

¶ 14    In general, "a factor implicit in the offense for which the defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense." *People v. Phelps*, 211 Ill. 2d 1, 11 (2004). "Stated differently, a single factor cannot be used both as an element of an offense and as a basis for imposing 'a harsher sentence than might otherwise have been imposed.' " *Id.* at 11-12 (quoting *People v. Gonzalez*, 151 Ill. 2d 79, 83-84 (1992)). Such dual use of a single factor— what we call "double enhancement"—is prohibited based on the assumption that the legislature, in designating the appropriate range of punishment for a criminal offense, necessarily considered the factors inherent in the offense. *Id.* at 12. Whether a sentence represents improper double enhancement is a question of statutory construction subject to *de novo* review. *Id.*

¶ 15    The State argues that the decisions in *People v. Thomas*, 171 Ill. 2d 207 (1996), and *People v. Brown*, 2018 IL App (1st) 160924, are "on all fours with this case." We agree that those opinions direct our analysis here.

¶ 16     In *Thomas*, 171 Ill. 2d at 224-25, our supreme court held that consideration of a defendant's criminal history in fashioning a sentence within the applicable statutory range does not constitute an "enhancement" in the sense prohibited by the general rule against double enhancements. In *Thomas*, the defendant was convicted of a Class 1 felony, but because he had two prior Class 2 felony convictions, he was subject to Class X term of imprisonment of 6 to 30 years. *Id.* at 210, 228. In sentencing the defendant to 15 years, the trial court expressly considered the defendant's criminal history as a statutory aggravating factor under section 5-5-3.2(a)(3) of the Unified Code of Corrections. *Id.* at 224. On appeal, the defendant argued that his criminal history had already been used to enhance his offense from Class 1 to Class X; to consider his criminal history again in sentencing him above the Class X minimum was a double enhancement. See *People v. Thomas*, 266 Ill. App. 3d 870, 881 (1994).

¶ 17     Our supreme court disagreed with the defendant, holding that consideration of a defendant's criminal history as an aggravating factor under section 5-5-3.2(a)(3) "does not constitute an enhancement." *Thomas*, 171 Ill. 2d at 225, 229. A trial court has a "constitutionally mandated duty to assess [a] defendant's rehabilitative potential" (*id.* at 229) and to fashion a sentence "tailored to the needs of society and the defendant, within the available parameters" (*id.* at 224-25). Because a trial court must be allowed to consider a defendant's entire criminal history for this purpose, the trial court had properly exercised its discretion when it " 'reconsidered' [the] defendant's two prior convictions" that were used to qualify him for a Class X sentence. *Id.* at 229.

¶ 18     In *Brown*, 2018 IL App (1st) 160924, ¶ 19, this court considered whether the trial court, in sentencing the defendant for being an armed habitual criminal (AHC), relied on an improper sentencing factor when it considered the defendant's prior UUWF conviction as an aggravating

factor, even though that conviction had served as the predicate offense for AHC. Relying on *Thomas*, this court rejected the claim of a double enhancement: "[W]hile the *fact* of [the defendant's] prior UUWF conviction determined his eligibility for an AHC charge, it is the *nature and circumstances* of that conviction which, along with other factors in aggravation and mitigation, determined the exact length of his sentence." (Emphases in original.) *Id.* ¶ 21. We held that, in fact, the trial court was required to consider the nature and circumstances of the defendant's prior UUWF conviction in fashioning an appropriate sentence for the AHC conviction. *Id.*

¶ 19    After reviewing the record and applying the reasoning of *Thomas* and *Brown*, we do not agree that defendant was subjected to a double enhancement. Yes, defendant's prior conviction was an element of the charged offense of UUWF (720 ILCS 5/24-1.1(a) (West 2014)), and yes, the fact that he was on parole at the time he committed the instant offense was used to elevate the offense from Class 3 to Class 2 (720 ILCS 5/24-1.1(e) (West 2014). But it was nevertheless proper for the trial court to consider the existence of, and the nature and circumstances of, both convictions as aggravating factors under section 5-5-3.2(a). See 730 ILCS 5/5-5-3.2(a)(3), (12) (West 2020). *Thomas*, 171 Ill. 2d at 225, 229. Doing so did not constitute an "enhancement." See *id.* at 225 (discretionary act of "fashioning an appropriate sentence within the framework provided by the legislature, is not properly understood as an 'enhancement.' ").

¶ 20    The nature and circumstances of the prior conviction and his status as a parolee determined the length of his sentence within the applicable range. See *Thomas*, 171 Ill. 2d at 227-28; *Brown*, 2018 IL App (1st) 160924, ¶ 22. The trial court did not use defendant's prior felony conviction or parolee status to increase the applicable range a second time—doing so would have been an improper double enhancement. See *Thomas*, 171 Ill. 2d at 225. Rather, the trial court, in its

discretion, simply imposed a sentence that fell within the Class 2 range; no further enhancement occurred. See *Phelps*, 211 Ill. 2d at 13-14; *People v. Powell*, 2012 IL App (1st) 102363, ¶¶ 11-12.

¶ 21 "Further, the trial court, in announcing its sentencing decision, is not required to refrain from any mention of the factors that constitute elements of an offense, and the mere reference to the existence of such a factor is not reversible error." *Brown*, 2018 IL App (1st) 160924, ¶ 22. Here, in context, the trial court's references to defendant's prior conviction for armed robbery and status as a parolee were made during its overall discussion of his criminal history and rehabilitative potential. The court did not expressly state that it considered either circumstance as an aggravating factor but, rather, mentioned both in the course of accurately describing defendant's criminal history. See *id.* The trial court "reconsidered" both circumstances as part of his "entire criminal history, in performing its constitutionally mandated duty to assess defendant's rehabilitative potential in order to fashion an appropriate sentence." *Thomas*, 171 Ill. 2d at 229. As in *Thomas*, we find that "[t]his exercise of judicial discretion was entirely proper and does not constitute an enhancement." *Id.*

¶ 22 Finally, we are not persuaded by defendant's citations to *People v. Conover*, 84 Ill. 2d 400 (1981), *People v. Saldivar*, 113 Ill. 2d 256 (1986), and *People v. Abdelhadi*, 2012 IL App (2d) 111053. In each of these cases, unlike here, the trial court made specific remarks that indicated reliance on factors in aggravation that were also elements of the offenses charged, leading to an improper double enhancement. See *Conover*, 84 Ill. 2d at 402 (factor of receiving compensation for commission of an offense may only be considered factor in aggravation when crime is one that does not involve proceeds); *Saldivar*, 113 Ill. 2d at 264 (court considered "the terrible harm that was caused to the victim"); *Abdelhadi*, 2012 IL App (2d) 111053, ¶¶ 4, 12 (reliance of trial court

on "threat" or "harm to others" when it noted defendant "endanger[ed] the lives of individuals").

No such double enhancement occurred here.

¶ 23    The judgment of the circuit court is affirmed.

¶ 24    Affirmed.