THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES WARWICK, Defendant-Appellant.

Third District    No. 3—83—0497

Opinion filed April 25, 1984.—Rehearing denied May 30, 1984.

Craig M. Armstrong, of Ottawa, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Mark L. Rotert and Leslie J. Rosen, Assistant Attorneys General, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

Following a bench trial the defendant, James Warwick, was found guilty on two counts of official misconduct, one count of attempt (obstructing service of process), and two counts of conspiracy (official misconduct and obstructing service). The court entered judgment on one count of official misconduct (Ill. Rev. Stat. 1983, ch. 38, par. 33—3(c)), and sentenced the defendant to a three-year term of imprisonment on the Class 3 felony. On appeal the defendant questions whether his trial violated the statutory speedy-trial rule and whether he was properly sentenced. We affirm the conviction but remand for resentencing.

Throughout the course of the events underlying the instant conviction the defendant was a police officer for the city of Streator in La Salle County. Evidence at the trial established that the defendant, with the help of a secretary employed at the La Salle County State's Attorney's office, was able to learn of the issuance of search warrants before they were executed. The defendant on at least one occasion informed a Streator businessman that his business was the subject of one of the unexecuted warrants, specifically a warrant to search for gambling paraphernalia.

We first address the issue of whether the defendant's trial violated the speedy-trial rule. Section 103—5(b) of the Code of Criminal Procedure of 1963 in pertinent part provides that "[e]very person on bail or recognizance shall be tried by the court having jurisdiction within 160 days from the date defendant demands trial unless delay is occasioned by the defendant ***." Ill. Rev. Stat. 1983, ch. 38, par. 103—5(b).

After he was charged in connection with the underlying events the defendant demanded a speedy trial. On December 3, 1982, the defendant, who apparently was not in custody, mailed to the La Salle County State's Attorney his written demand. On December 8, 1982, the defendant filed his demand with the clerk of the court. The defendant's trial began on May 16, 1983.

The parties agree that the defendant's trial began more than 160 days after the date he served the State with notice of his demand for speedy trial. The parties also agree that the defendant's trial was within 160 days of the date he filed with the court his demand for a speedy trial. The sole question with regard to this issue is when the defendant demanded trial. The defendant argues that the statutory 160-day period began to run when, by mail, he served the People. We disagree.

Neither the statute nor any case of which we are aware specifies what constitutes the demand for trial for statutory speedy-trial purposes. As the fourth district has held, a speedy-trial demand should be designed to communicate the demand to the court by formal motion preserved in the record. (*People v. Coleman* (1977), 50 Ill. App. 3d 40, 365 N.E.2d 246, *appeal denied* (1977), 66 Ill. 2d 639.) Notice to the State is also necessary for the statutory period to begin to run. (*People v. Jones* (1981), 84 Ill. 2d 162, 417 N.E.2d 1301.) Based on our review of relevant material, we conclude that notice to the State without filing with the court does not satisfy the statute's demand requirement. None of the cases which the defendant cites persuades us otherwise. Notice to the State, although necessary, is not sufficient to preserve the demand in the record. We find that in the

instant case there was no demand for trial under the statute until the defendant filed his demand with the court. Consequently, the defendant's trial was not held in violation of the speedy-trial rule.

We now address the defendant's argument that the trial court erred in imposing sentence. In sentencing the defendant, the trial court stated for the record how it viewed each statutory mitigating and aggravating factor (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.1, 1005—5—3.2, respectively), as applied to this case. In mitigation the court found that the defendant's conduct neither caused nor threatened serious physical harm to another, and that the defendant did not contemplate his conduct might cause such harm. The court emphasized that the defendant had no history of criminal activity, that the defendant's criminal conduct was the result of circumstances unlikely to reoccur, and that imprisonment of the defendant would entail excessive hardship to his dependents. The court also found that the defendant was particularly likely to comply with the terms of a period of probation. Finally, the court found one additional factor, that the defendant's character and attitudes indicate he is unlikely to commit another crime, which might be applicable in mitigation.

In aggravation, the court found that the defendant's conduct caused or threatened the serious harm of official corruption. The court also stressed that by the duties of his office the defendant was obliged to prevent the particular offense committed or to bring offenders committing it to justice; that the offense related to the conduct of public office which the defendant held at the time of the offense; and that the defendant utilized his professional reputation or position in the community to commit or facilitate commission of the offense. The court found perhaps most persuasive the fact that the sentence was necessary to deter others.

The court made no findings as to the necessity of a sentence of imprisonment as opposed to a sentence of probation or conditional discharge.

■ The defendant first argues that the court improperly applied the first statutory factor in aggravation. The first statutory factor is that "the defendant's conduct caused or threatened serious harm." (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.2(a)(1).) The defendant argues that that factor is parallel to the first statutory mitigating factor which states: "the defendant's criminal conduct neither caused nor threatened serious *physical* harm *to another.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 38, par. 1005—5—3.1(a)(1).) It is the defendant's position that the first aggravating factor applies only to physical harm and not to societal harm. Accordingly, the defendant argues that be-

cause his conduct neither caused nor threatened serious physical harm, the first aggravating factor is inapplicable to his case.

The State, on the other hand, argues that the statute's term "serious harm" is clear and unambiguous and must therefore be given its ordinary and popularly understood meaning. (*People v. Fink* (1982), 91 Ill. 2d 237, 437 N.E.2d 623.) The ordinary and popular meaning of "serious harm," according to the State, encompasses all serious societal harm. We cannot agree.

In our thorough review of cases applying the first aggravating factor we have found no case to specifically invalidate or endorse the defendant's position. However, the first aggravating factor has been applied by the courts of Illinois only in those cases involving serious physical and/or psychological harm to the victim. Further, the fifth district has specifically interpreted the first aggravating factor, with its reference to causing "serious harm," to be parallel to the first mitigating factor and its reference to not causing "serious physical harm." *People v. Andrews* (1982), 105 Ill. App. 3d 1109, 435 N.E.2d 706, *appeal denied* (1982), 91 Ill. 2d 572; *People v. Thomas* (1979), 76 Ill. App. 3d 969, 395 N.E.2d 601.

The reasoning in cases like our *People v. Johnson* (1982), 107 Ill. App. 3d 156, 437 N.E.2d 436, *appeal denied* (1982), 92 Ill. 2d 570, negates the State's argument. In *Johnson*, we construed "harm" in the first aggravating factor to mean a personal and not a societal harm. In that case the defendant was convicted of attempted rape and deviate sexual assault. On appeal defendant Johnson argued that the trial court improperly applied in aggravation on the attempted rape conviction that the offense threatened serious harm. He argued that the court's application of the aggravating factor was inappropriate because the use of force in an attempted rape implicitly carries a threat of serious harm. In disagreeing with the defendant Johnson's theory we stated that "the threat of serious harm is not inherent in the offense of rape." (*People v. Johnson* (1982), 107 Ill. App. 3d 156, 161, 437 N.E.2d 436, 440.) Our statement in *Johnson* is consistent with a determination that the language of the first aggravating factor addresses personal harm. Our statement is, however, inconsistent with a determination that the language of the statute comprises all societal harm.

We find prior interpretations of the first aggravating factor persuasive in this case. Based on our examination of the aggravating and mitigating factors' purposes and prior applications, we conclude that the legislature did not intend for the trial court in a case such as this to consider in aggravation that the defendant's conduct caused or threatened serious harm to society. Inasmuch as every criminal of-

fense includes a societal harm and given that the statute allows miti-
gation only if the defendant's criminal conduct did not involve serious
physical harm to another, we find that the first aggravating factor
does not apply to offenses, such as this one, which threaten nonphysi-
cal serious harm only to society at large.

■ The defendant's second argument concerning sentencing is
that the trial court improperly applied in aggravation the factors set
out in subsections 4, 5, and 6 of the statute. Those factors are as fol-
lows:

> "(4) the defendant, by the duties of his office or by his posi-
> tion, was obliged to prevent the particular offense committed
> or to bring the offenders committing it to justice;
>
> (5) the defendant held public office at the time of the of-
> fense, and the offense related to the conduct of that office;
>
> (6) the defendant utilized his professional reputation or posi-
> tion in the community to commit the offense, or to afford him
> an easier means of committing it." (Ill. Rev. Stat. 1983, ch. 38,
> pars. 1005—5—3.2(a)(4), (5), (6).)

The defendant relies on the reasoning of *People v. Conover* (1981), 84
Ill. 2d 400, 419 N.E.2d 906, and argues that to apply these factors in
this case is to improperly consider in aggravation factors implicit in
his conviction of official misconduct. The State argues that these fac-
tors are not implicit in every instance of official misconduct. We con-
sider aggravating factors 4, 5, and 6 in turn.

We agree with the defendant that the court improperly applied ag-
gravating factor 4 in imposing sentence. The court entered judgment
on a finding that the defendant in his official capacity and with intent
to obtain a personal advantage for another, had performed an act in
excess of his lawful authority. (Ill. Rev. Stat. 1983, ch. 38, par. 33—
3(c).) Implicit in that offense is that by the duties of his position as
police officer the defendant was, as the aggravating factor recites,
"obliged to prevent the particular offense committed." Any public of-
ficer or employee, by his duties or position, has an absolute duty to
prevent the offense of his own official misconduct. That duty does not
vary by degrees. We find, therefore, that under *Conover* the factor is
inappropriate for aggravation in the instant case.

■ We find that aggravating factor 5 may also have been improp-
erly applied in the instant case. The record includes no discussion or
determination of whether the defendant "held public office" at the
time of the offense. Under section 2—18 of the Criminal Code of
1961, a public officer is defined as "a person who is elected to office
pursuant to statute, or who is appointed to an office which is estab-

lished, and the qualifications and duties of which are prescribed, by statute, to discharge a public duty for the State or any of its political subdivisions." Ill. Rev. Stat. 1983, ch. 38, par. 2—18.

Our supreme court has held that a policeman is not necessarily an "officer" within the generally accepted legal definition of the term. (*Kelly v. Chicago Park District* (1951), 409 Ill. 91, 98 N.E.2d 738.) It is not clear from the record whether the defendant held public office. (*Midwest Television, Inc. v. Champaign-Urbana Communications, Inc.* (1976), 37 Ill. App. 3d 926, 347 N.E.2d 34.) We find, therefore, that aggravating factor 5 does not properly apply to the instant case absent a proper finding that the defendant held public office at the time of the offense.

■ We find that the trial court properly applied aggravating factor 6 to the instant case. The circumstances under which a public officer or employee uses his professional reputation or community position in committing an offense of official misconduct can very immensely. Aggravating factor 6 would be applied quite differently, for example, to an elected official who absconds with public funds in his custody and to a civil service employee who removes government office supplies for his personal use. The court here properly considered in aggravation the fact that the defendant used his professional reputation or position in connection with the offense. *People v. Childs* (1981), 101 Ill. App. 3d 374, 428 N.E.2d 185.

■ Because we are unable to determine how much weight the trial court afforded the improper factors, we must vacate the defendant's sentence and remand for a new sentencing hearing. (*People v. Conover* (1981), 84 Ill. 2d 400, 419 N.E.2d 906.) Our remandment makes it unnecessary for us to examine the merits of the defendant's final argument: that in imposing a sentence of imprisonment the trial court failed to sufficiently consider the defendant's nature and character. We note that the sentencing court received extensive testimony including evidence of the defendant's history, work reputation, and family relationships. On remand the trial court should consider those factors in exercising its discretion on whether probation is appropriate. Ill. Rev. Stat. 1981, ch. 38, par. 1005—6—1.

Accordingly, we affirm the defendant's conviction, vacate his sentence, and remand to the circuit court of La Salle County for further proceedings consistent with this opinion.

Conviction affirmed, sentence vacated, cause remanded.

ALLOY, P.J., and HEIPLE, J., concur.