THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ERIC ZEMKE, Defendant-Appellant.

Second District No. 2—86—0786

Opinion filed August 12, 1987.

Jed H. Stone, of Jed Stone, Ltd., of Waukegan, and Mary Robinson, of Robinson & Skelnik, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (William L. Browers, of State's Attorneys Appellate Prosecutor's Office, of Elgin, and Robert J. Biderman and Peter D. Zaper, both of State's Attorneys Appellate Prosecutor's Office, of Springfield, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Eric Zemke, entered pleas of guilty to one count of aggravated criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—16) and one count of criminal sexual abuse (Ill. Rev. Stat. 1985, ch. 38, par. 12—15). The trial court sentenced defendant to seven years' imprisonment. On appeal, defendant contends that the length of the sentence and the trial court's refusal to grant probation resulted from the trial judge's personal aversion to sex offenders, and

that the trial judge cited an improper factor in aggravation of his sentence.

The parties stipulated at the guilty plea hearing that the defendant had engaged in certain sexual conduct with a 14-year-old boy and a 10-year-old boy who were brothers. Defendant had several encounters with the 14-year-old between December 1, 1985, and March 14, 1986, including one in which the boy awoke in the middle of the night and found defendant touching the boy's penis. The boy slapped defendant's hand away. In November 1985, the 10-year-old was awakened in his bedroom on one occasion and discovered that his pajama pants were down at his knees and the defendant was rubbing the child's penis in an up and down fashion. Defendant continued to do so for 15 minutes. Defendant's plea was part of a negotiated plea agreement under which the State agreed to nol-pros two additional counts of aggravated criminal sexual abuse and two counts of aggravated criminal sexual assault (Ill. Rev. Stat. 1985, ch. 38, par. 12—14), a Class X felony.

At the sentencing hearing, the State introduced testimony from the father of the victims concerning the impact of defendant's actions upon the family. The State also presented testimony from a police officer concerning an alleged encounter between defendant and the four-year-old brother of the other victims. According to the officer's testimony, the boy, who was three years old at the time of the alleged incident, indicated to the officer through the use of an anatomically correct adult male and juvenile male dolls that defendant had engaged in oral sex with him. The State nol-prossed the three counts based upon this incident.

Defendant presented the testimony of David Randall, who held a master's degree in psychology and was a Ph.D. candidate. Randall testified that he had examined defendant and that defendant had rehabilitative potential and was amenable to treatment. Other evidence before the court indicated that the defendant was 22 years old, had no prior criminal history outside of some possible traffic offenses, and served as a volunteer fireman for approximately three years prior to his dismissal as a result of the criminal charges against him. The evidence also indicated that defendant was experiencing difficulties as a result of alcohol abuse. The intensive probation supervision officers who evaluated defendant determined that he was an acceptable candidate and recommended in their report that if the trial judge was considering imprisonment, he should instead order intensive probation supervision. This report was also before the trial court at the sentencing hearing.

After hearing the above evidence and arguments presented at the sentencing hearing, the trial judge stated in part, as follows:

"But what you did, even the psychiatrist or psychologist, have difficulty. You have a laudatory position, a lieutenant in a voluntary fire department, dedicated to the preservation of saving of lives, of human beings. You know, what greater honor than to help your fellow mankind? The public put their trust in you. You know, plainly and simply, you are a public officer given their trust, and you violated that trust when you were involved with these boys. You violated that family confidence *** when they gave their children to you and they were, from the facts presented, lovable, likeable boys. But I cannot think of a worse crime than an aggravated sexual abuse crime. I can tolerate a murderer. I can tolerate a robber. I can tolerate a burglar. But when it comes to sex, you know, even an animal avoids fornication with an offspring from the same birth. You know, your act is very, very heinous. Your act is worse than that animal, at least the animal, by instinct, does different things, and a human being differs from an animal because we are supposed to know how to reason, how to think."

The trial judge went on to deny defendant's request for probation, stating as follows:

"I agree with Mr. Stone. I don't know whether this is going to stop others from acting in the same fashion or not. I think our legislators and others have inserted things in mitigation and aggravation that politically [sic] don't do any good. But we must also protect the interest of the public. Maybe it will better somebody. I don't know. I doubt it though.

But it's a question of rehabilitation versus punishment, and after weighing it very heavily, I don't think you are ready for rehabilitation. Therefore, probation is denied."

The trial judge then imposed a seven-year sentence on the aggravated criminal sexual abuse count.

Defendant raises two issues on appeal. The first is whether the trial judge's denial of probation and imposition of the maximum possible sentence resulted from his personal aversion to sex offenders. The second is whether the trial judge improperly relied upon defendant's position as a voluntary fireman as an aggravating factor in imposing sentence.

■■ ■ Turning to the first issue, we note that the sentence imposed by the trial court will be upheld on review absent an abuse of discretion on the part of the trial court. (*People v. Perruquet* (1977),

68 Ill. 2d 149, 153-54.) Likewise, the question of whether an offender should be granted probation is within the discretion of the trial court. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 586.) We must therefore determine whether the trial court abused its discretion by acting in an arbitrary manner in sentencing defendant and denying him probation.

Section 5—6—1(a) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(a)) states as follows:

> "(a) Except where specifically prohibited by other provisions of this Code, the court shall impose a sentence of probation or conditional discharge upon an offender unless, having regard to the nature and circumstance of the offense, and to the history, character and condition of the offender, the court is of the opinion that:
>
> (1) his imprisonment or periodic imprisonment is necessary for the protection of the public: or
>
> (2) probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice." Ill. Rev. Stat. 1985, ch. 38, par. 1005—6—1(a).

 ■ Under this provision, if, as in the instant case, the defendant is eligible for probation, consideration of probation by the trial court is mandatory. (*People v. Free* (1983), 112 Ill. App. 3d 449, 456.) Therefore, as defendant asserts, if the record reveals that probation was automatically denied because defendant was a member of a class of offenders disfavored by the trial judge, his sentence must be vacated and the cause remanded for resentencing before a different trial judge. (*People v. Bolyard* (1975), 61 Ill. 2d 583, 587; *People v. Brooks* (1979), 69 Ill. App. 3d 18, 22; *People v. Wilson* (1977), 47 Ill. App. 3d 220, 221-22.) The trial court's sentence must also be vacated if the record reveals that the trial judge was predisposed to sentence defendant to a prison term and failed to consider the possibility of probation as required by law. *People v. Kendrick* (1982), 104 Ill. App. 3d 426, 435.

 ■ We have reviewed the record in this case and are satisfied that the trial judge did consider a sentence of probation for the defendant albeit he rejected probation as the appropriate sentence in this case. However, the record in this case also leads us to conclude the trial court's imposition of the maximum possible sentence resulted from the fact that the defendant was a sex offender, a member of a class of offenders disfavored by the trial judge. By stating that he could think of no worse crime than an aggravated sexual abuse crime and that he could tolerate a murder, the trial judge indicated that he

believed defendant's crime was more reprehensible than murder, an offense which carries far more severe penalties, one of which is a term of years far in excess of the maximum period of incarceration for the offenses to which defendant pleaded guilty.

In *People v. Bolyard* (1975), 61 Ill. 2d 583, the trial judge specifically stated that he adhered to a policy of denying probation for any crimes involving sexual violence or physical violence. (61 Ill. 2d 583, 585.) While the trial judge made no such statement in the instant case, it is apparent that he would not have considered sentencing the defendant to anything less than the maximum term for a crime he considered more reprehensible than murder. Accordingly, the defendant is entitled to a new sentencing hearing.

Because the issue may arise at the new sentencing hearing, we will now address defendant's contention that the trial court improperly cited the fact that he was a volunteer fireman as a factor in aggravation of his sentence. At defendant's sentencing hearing, the State argued that as a fireman, defendant was obligated to prevent the occurrence of offenses such as the ones he admitted committing. In imposing sentence, the trial court stated that in his position as a fireman, the defendant was a public officer, and that he had violated the trust placed in him by his conduct toward the victims.

In imposing sentence, the trial court may, by statute, consider the following factors as reasons to impose a sentence in excess of the statutory minimum:

"(1) the defendant's conduct caused or threatened serious harm:

(2) the defendant received compensation for committing the offense;

(3) the defendant has a history of prior delinquency or criminal activity;

(4) the defendant, by the duties of his office or by his position, was obligated to prevent the particular offense committed or to bring the offenders committing it to justice;

(5) the defendant held public office at the time of the offense, and the offense related to the conduct of that office;

(6) the defendant utilized his professional reputation or position in the community to commit the offense, or to afford him an easier means of committing it;

(7) the sentence is necessary to deter others from committing the same crime." Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3.2.

■ Further, the nature of the acts constituting the crime, credi-

bility, demeanor, general moral character, mentality, social environment, habits, and age of the defendant and the possibility of rehabilitation are all factors to be considered in sentencing. *People v. Jones* (1980), 83 Ill. App. 3d 168.

■ We agree with the defendant that the fact that he was a fireman, volunteer or otherwise, was not a proper factor for consideration in sentencing. Although the trial judge did not state on the record that he was considering the statutory factors in aggravation, it is clear from the terms used by the trial court that those factors formed the basis for the sentence imposed upon defendant here. However, we agree with the defendant that the fact that he was a fireman, volunteer or otherwise, was not a proper factor for consideration in sentencing. As a fireman, defendant's duties were related to firefighting and prevention, not the apprehension of criminals or the prevention of crime. Further, our courts have previously determined that a police officer is not necessarily an officer within the legal definition of the term; nor is it clear from the record in this case that the defendant held public office. See *People v. Warwick* (1984), 123 Ill. App. 3d 692.

■ We make no recommendation with regard to defendant's sentence at the new hearing. The trial judge has a superior opportunity to consider factors such as the defendant's credibility and demeanor and is, therefore, in a better position than a court of review to determine the proper sentence. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154.) Defendant's sentence is vacated, and this cause is remanded for a new sentencing hearing under the provisions of section 5—5—3(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(d)). The hearing shall be conducted by a different trial judge. See *People ex rel. Ward v. Moran* (1973), 54 Ill. 2d 552.

Vacated and remanded.

REINHARD and UNVERZAGT, JJ., concur.