THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KYLE A. JONES, Defendant-Appellant.

Fourth District     No. 4—96—0038

Opinion filed November 22, 1996.

STEIGMANN, J., specially concurring.

J. Steven Beckett, of Beckett & Webber, P.C., of Urbana, for appellant.

Roger Simpson, State's Attorney, of Monticello (Norbert J. Goetten, Robert J. Biderman, and Thomas R. Dodegge, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE COOK delivered the opinion of the court:

Defendant Kyle Jones pleaded guilty to driving under the influence of alcohol (DUI) in violation of section 11—501(a)(1) of the Illinois Vehicle Code (Code) (625 ILCS 5/11—501(a)(1) (West 1994)) and was sentenced to 10 months' conditional discharge. Defendant appeals his sentence, alleging the trial judge abused his discretion by denying a sentence of court supervision because of the trial judge's personal belief that supervision is never appropriate for DUI offenders. We reverse and remand.

Defendant was arrested for DUI in May 1995. He submitted to a breath test which indicated a blood-alcohol concentration (BAC) of 0.13. Defendant was charged with (count I) DUI in violation of section 11—501(a)(2) of the Code (625 ILCS 5/11—501(a)(2) (West 1994)), and (count II) DUI in violation of section 11—501(a)(1) of the Code (625 ILCS 5/11—501(a)(1) (West 1994)). Pursuant to a plea agreement, the State dismissed count I and defendant pleaded guilty to count II. The presentence report showed that defendant was 20 years

old at the time of his arrest. Defendant had no prior criminal record, but had a 1993 speeding ticket.

According to the presentence report, the night of defendant's arrest, he had attended a small party and consumed five beers. Defendant regretted leaving the party and acknowledged that he should have acted more responsibly, but, according to the presentence report, "does not feel he was under the influence of alcohol and was capable of driving *** home." At his sentencing hearing, defendant stated that, when he left the party on the night of his arrest, he believed he was sober enough to drive. He explained that he now knew that driving under those conditions "was the wrong thing to do."

Defendant described his arrest as a "real eye-opener" and stated that he did not consume any alcohol between the date of his arrest and his twenty-first birthday. Defendant reported that he had never used any illegal drugs. Defendant stated that he would never again operate a motor vehicle after drinking alcohol, nor would he ever be a passenger in a car being driven by a person who had been drinking. Defendant also reported that he had been evaluated at Piatt County Mental Health Center. Defendant received a Level I classification. This means defendant is characterized as a "Minimal Risk." See 92 Ill. Adm. Code § 1001.410, at 92-1001-13 (1996). As a result of this evaluation, it had either been recommended or mandated that defendant attend 10 hours of remedial education, but defendant had not done so because "they were busy." He was planning on completing that program over the semester break and before returning to school at Eastern Illinois University (EIU) in Charleston.

At the time of his sentencing hearing, defendant had received his associate's degree and was pursuing a bachelor's degree in physical education with a minor in English at EIU. Defendant hoped to work as an English teacher and a coach, eventually obtaining either a master's degree or a Ph.D. in sports psychology. Defendant volunteered as an assistant at basketball workshops, teaching second- through fifth-grade students the fundamentals of the game. At his sentencing hearing, defendant expressed his concerns that a DUI conviction would have a negative impact upon his ability to get a job.

The probation officer who had prepared defendant's presentence report recommended defendant be sentenced to six months' conditional discharge with certain conditions. The assistant State's Attorney noted that "[t]here is no question that the defendant has been doing some good things in his community, [he] has enrolled in school which we also like to see, [and he] has plans for the future. Again, in a contrast to many of the people that come through the court system." The State asked the court to sentence defendant to 12

months' conditional discharge, impose a $400 fine, and force defendant to comply with the conditions recommended by the probation officer.

In determining defendant's sentence, the judge noted that defendant had not completed the Piatt County Mental Health Center educational program. The trial judge also stated that he had read the report of the alcohol evaluator, and that the report stated that defendant's answers to the evaluator "were not reliably consistent and were evasive." The trial court sentenced defendant to 10 months' conditional discharge. Defendant was ordered to pay a fine of $350 plus costs and a monthly probation fee. Additionally, defendant was required to (1) complete all counseling as recommended by the probation office, (2) complete alcohol treatment, and (3) attend a victim-impact panel. Defendant filed a motion to reconsider sentence.

In the motion to reconsider sentence filed December 27, 1995, defense counsel first noted the decision in *People v. Bolyard*, 61 Ill: 2d 583, 338 N.E.2d 168 (1975). In *Bolyard*, the supreme court found that the trial judge had abused his discretion by arbitrarily denying probation because the defendant fell within the trial judge's category of disfavored offenders. *Bolyard*, 61 Ill. 2d at 587, 338 N.E.2d at 170. Defense counsel next noted this court's decision in *People v. Foster*, No. 4—94—0451 (1994) (unpublished order under Supreme Court Rule 23), *rev'd on other grounds*, 171 Ill. 2d 469, 665 N.E.2d 823 (1996). At the trial court level, *Foster* was decided by the same judge as in the present case. This court dismissed Foster's appeal for noncompliance with Rule 604(d) (145 Ill. 2d R. 604(d)), but noted that if this were not the result, the case would need to be remanded for resentencing before a different judge because the judge's comments reflected a belief that supervision was never an appropriate sentence for a DUI offender.

Defense counsel noted that since the trial court's sentencing of Foster in May 1994, the same judge had heard three DUI cases in which the defendant asked for court supervision. In all three cases, the judge denied the request. He cited People v. Wright, No. 94—TR—524 (Cir. Ct. Piatt Co.), People v. Gibbs, No. 94—TR—990 (Cir. Ct. Piatt Co.), and People v. Marlow, No. 94—TR—943 (Cir. Ct. Piatt Co.), *rev'd*, 272 Ill. App. 3d 1133 (1995) (unpublished order under Supreme Court Rule 23). In *Marlow*, this court quoted its discussion of the sentencing issue in *Foster* at length before noting that defendant Marlow was denied supervision, in part, due to "the trial judge's antagonism to the law of supervision." *Marlow*, No. 4—94—1028, slip order at 8 (June 30, 1995) (unpublished order under Supreme Court Rule 23). The case was remanded for resentencing before a different judge.

Defendant's motion to reconsider also noted that since May 1994, supervision had been granted in nine Piatt County DUI cases, all of which had been heard by other judges. Finally, defense counsel noted that since May 1994, motions to substitute judges had been filed in 15 separate DUI cases where the instant judge had been originally assigned to hear the case.

At the hearing on defendant's motion to reconsider sentence, the trial judge distinguished *Bolyard* on the grounds that the trial judge there had announced a fixed policy of denying probation for defendants convicted of sexual offenses. Defense counsel asked the court to take judicial notice of the Rule 23 decisions of this court in *Foster* and *Marlow* and suggested this court therein had relied upon *Bolyard* to find that the trial judge had a policy that he "couldn't give supervision in DUI cases." Defense counsel asked the court to take judicial notice of a number of cases referenced in the motion to reconsider and brought into evidence through the individual docket sheets maintained by the circuit clerk. The trial judge denied having any such policy, stating that the "only thing the court is doing is looking at the supervision statute [(730 ILCS 5/5—6—1(c) (West 1994))] and applying the statute literally." The trial judge further stated that he was "somewhat disappointed" that the appellate court suggested that he had an antagonistic feeling toward supervision and that he was only trying to follow the law.

The trial court then pointed to section 6—205(a)(2) of the Code, which provides for the mandatory suspension of driving privileges for anyone convicted of DUI. 625 ILCS 5/6—205(a)(2) (West 1994). The trial judge noted that the Code does not have a supervision statute and that section 6—205(a)(2) was enacted to enhance public safety and welfare on the highways. The trial judge then asked defense counsel whether he thought that "the supervision statute in any way, or an order of supervision attempts to evade the policy of" section 6—205(a)(2) of the Code. Defense counsel replied, "Absolutely not," noting that the supervision statute contains language denying supervision to a person who, within the last 10 years, has already been convicted of DUI. See 730 ILCS 5/5—6—1(c) (West 1994).

Focusing on the requirement that a defendant needs to show that the public interest would best be served by an order of supervision (see 730 ILCS 5/5—6—1(c) (West 1994)), the trial judge asked defense counsel if he thought that "the public is best served by the court not following the public policy of safety and public welfare as set forth in the [V]ehicle [C]ode in 6—205(a)(2)." Defense counsel replied that he thought public policy is best served by applying all of the statutes. The trial judge stated that he may be misinterpreting the supervi-

sion statute and noted that the appellate court "has not addressed the specific concerns of that statute in its remands back to this court. And it would hope that it would do so in this case." The trial court denied defendant's motion to reconsider; defendant appeals.

■■ The imposition of a sentence is a matter of judicial discretion, and the standard of review to determine whether a sentence is excessive is whether a trial court abused that discretion. *People v. McCain*, 248 Ill. App. 3d 844, 850, 617 N.E.2d 1294, 1299 (1993). Where a sentence falls within the statutory guidelines, it will not be disturbed on review unless it is manifestly disproportionate to the nature of the case. *People v. Nussbaum*, 251 Ill. App. 3d 779, 783, 623 N.E.2d 755, 758 (1993). However, a trial court must in fact exercise its discretion and may not refuse to consider an alternative simply because the defendant is in a class disfavored by the court. See *People v. Zemke*, 159 Ill. App. 3d 624, 628, 512 N.E.2d 374, 377 (1987); *Bolyard*, 61 Ill. 2d at 587, 338 N.E.2d at 170. Under certain circumstances, the trial court may grant supervision if it finds that (1) the offender is not likely to commit further crimes; (2) the defendant and the public would best be served if the defendant were not to receive a criminal record; and (3) in the best interests of justice an order of supervision is more appropriate than a sentence otherwise permitted under the Unified Code of Corrections (Unified Code). 730 ILCS 5/5—6—1(c) (West 1994).

Defendant argues that the trial judge, notwithstanding his comments to the contrary, has a personal policy against granting court supervision in DUI cases. Defendant also argues that the trial court "has stubbornly continued in its belief that the court supervision statute does not apply to DUI offenders," and that the trial judge has done so in contravention of the recent Rule 23 orders of this court. As evidence, defendant points to the Piatt County DUI cases mentioned in his motion to reconsider sentence. Defendant also argues that, at the very least, the trial court has misapplied the law and that this application creates an absurd result that could not have been intended by the legislature.

■ It is not clear that the trial judge continues to have a personal policy against granting court supervision in DUI cases. The trial judge expressly stated that he does not have a personal policy against granting court supervision in DUI cases. We choose to take him at his word. A trial court has a duty to follow the decisions of the appellate court. See *State Farm Fire & Casualty Co. v. Yapejian*, 152 Ill. 2d 533, 539, 605 N.E.2d 539, 542 (1992). In the absence of evidence to the contrary, we will assume the trial court properly fulfilled its duties.

■ In the present case, the trial judge expressed his consternation

that this court had not "addressed the specific concerns of that statute in its remands back to this court." We assume "that statute" is section 6—205(a)(2) of the Code. 625 ILCS 5/6—205(a)(2) (West 1994). A fair reading of the transcript shows that the trial judge reads section 6—205(a)(2) of the Code as overriding section 5—6—1 of the Unified Code. In other words, it appears as though this judge has denied court supervision in DUI cases because, in his opinion, section 6—205(a)(2) of the Code sets forth a public policy (keeping drunk drivers off the road) that will always outweigh the public's best interests in seeing that a defendant does not have a permanent criminal record. Under this logic, section 6—205(a)(2) of the Code creates a barrier to court supervision that is impossible for a defendant to surmount. We do not believe this is a correct reading of the statute.

If the trial court is convinced that a DUI defendant is not likely to commit another offense (one of the requirements for court supervision), then the public policy considerations evinced by section 6—205(a)(2) of the Code are significantly lessened. At that point, it may well be in the public's best interests that a one-time offender not have a permanent criminal record. The propriety of supervision is within the domain of the legislature, not the judiciary. The legislature has provided persons convicted of DUI, under certain circumstances, with a second chance to keep their criminal record clean and nonexistent. The courts of this State should not use countervailing public policies to preclude supervision in all instances.

The trial judge, believing that the public policies evinced in section 6—205(a)(2) of the Code preclude the granting of court supervision in DUI cases, misapplied the law. Since the trial judge believed, as a matter of law, that court supervision could not be granted, we cannot say he exercised discretion in fashioning defendant's sentence. Accordingly, we vacate defendant's sentence and remand the cause for a new sentencing hearing.

Vacated and remanded.

GREEN, J., concurs.

JUSTICE STEIGMANN, specially concurring:
Although I agree that reversal is appropriate in this case, I disagree with much of what the majority has said, as well as the appropriateness of saying it.

## I. BACKGROUND
After defendant pleaded guilty to DUI, he asked the trial court to

sentence him to court supervision pursuant to section 5—6—1 of the Unified Code (730 ILCS 5/5—6—1 (West 1994)). However, the court denied defendant's request and sentenced him instead to conditional discharge, indicating it believed that section 6—205(a)(2) of the Code—which provides for the mandatory suspension of driving privileges upon a DUI conviction—somehow trumped the availability of supervision for a defendant convicted of DUI. 625 ILCS 5/6—205(a)(2) (West 1994). The court noted that the Code did not contain its own specific supervision provision and that section 6—205(a)(2) was enacted to enhance public safety and welfare on the highways.

## II. THE ONLY RULING NECESSARY

I agree with the majority that the trial court misconstrued section 6—205(a)(2) of the Code insofar as it held that section precluded—or even limited—the trial court's granting of supervision in DUI cases. Because this misconstruction by the court clearly affected the court's exercise of its discretion in determining whether to sentence defendant to supervision in this case, we should vacate the court's sentence of conditional discharge and remand for a further sentencing hearing in accordance with the views expressed herein. The trial court would then be expected to appropriately exercise its discretion regarding whether supervision should be the sentence in this case, free from the court's erroneous construction of section 6—205(a)(2) of the Code. I would say no more.

## III. *OBITER DICTA*

First, this court's holding in this case is our construction of the relationship between section 6—205(a)(2) of the Code and section 5—6—1 of the Unified Code: one does not affect the other. Having so held, *everything* else the majority says is *obiter dicta*, including (1) how this particular trial court may have sentenced other DUI offenders in the past, (2) the mitigating evidence defendant presented at the sentencing hearing, and (3) the particular dialogue between the trial court and counsel at the sentencing hearing, except for the discussion regarding the court's analysis of section 6—205(a)(2) of the Code.

Had this court limited itself as suggested above, construing section 6—205(a)(2) of the Code, that action would have provided defendant with all the relief to which he is entitled (or has even requested) from this court—namely, having his sentence vacated and the case remanded for a new sentencing hearing.

On remand, it is at least possible that the trial court would sentence defendant to supervision. Assuming the trial court imposes a sentence of supervision on remand, then one wonders: what was the point of the rest of this court's opinion?

It is regrettable that the majority has chosen to include all of this unnecessary *dicta* when the trial court, in its remarks at the sentencing hearing, acknowledged that it could have misconstrued section 6—205(a)(2) of the Code and specifically requested this court to address the issue.

## IV. APPROPRIATENESS OF SUPERVISION FOR UNDERAGE DUI OFFENDERS

As a last matter, I note that defendant in this case was not yet 21 years of age when he committed DUI. That means that defendant could not lawfully consume alcoholic beverages to begin with, much less drive while drunk. In my judgment, a trial court may consider—as a significant factor in its decision to deny a defendant's request for supervision in a DUI case—that he was underage to consume alcohol when he committed DUI. Minors who drink to excess, in violation of the law, and then drive, are poor candidates for supervision.