THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERAMIE M. MYERS, Defendant-Appellant.

Third District   No. 3—96—0495

Opinion filed October 10, 1997.

HOLDRIDGE, J., dissenting.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, and Ronald Boyer, of Boyer & Thompson, of Watseka, for appellant.

Albert G. Algren, State's Attorney, of Monmouth (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Richard Leonard, of Ottawa, for the People.

PRESIDING JUSTICE LYTTON delivered the opinion of the court:

Defendant Jeramie M. Myers was convicted of aggravated arson (720 ILCS 5/20—1.1 (West 1994)) and sentenced to a 24-year term of imprisonment. The issues on review are whether the trial court improperly considered statutory factors in aggravation in imposing sentence, and whether the sentence was excessive. We reverse and remand for a new sentencing hearing.

## FACTS

At trial, defendant stipulated to the facts concerning his participation in the 1993 arson of Term City, a rent-to-own business in Monmouth, Illinois. Defendant was an employee of the business, and his friend, Mark Skiles, was the manager. During Skiles' tenure as manager, numerous thefts of cash and furniture occurred. Defendant knew of Skiles' involvement in the thefts. On March 5, 1993, Skiles offered defendant a videocassette recorder (VCR) and proposed that defendant torch the store to cover up the thefts. Defendant agreed to the plan.

On the morning of March 6, defendant spread gasoline around the store, lit the fire and left. At 6:14 a.m., the Monmouth fire department responded. As Assistant Fire Chief Dennis Olson attempted to open a door, the roof caved in and a wall collapsed on him. Olson subsequently died from his injuries.

On March 8, defendant received a VCR from Skiles. On November 16, he confessed to the arson. Defendant was charged with murder and aggravated arson; however, the murder charge was nolle prossed upon defendant's agreement to testify against Skiles and to await his own sentencing hearing until after Skiles was sentenced. Based on the stipulated facts, the court found defendant guilty of aggravated arson. Skiles was subsequently convicted of murder and sentenced to 24 years in the Department of Corrections.

At defendant's sentencing hearing, the court reviewed the presentence investigation report, which disclosed that defendant was 18 years old when he committed the offense; he had a ninth-grade education and no criminal record; and he had worked at Term City delivering furniture and collecting late payments before the fire. The court also heard testimony offered in mitigation and a victim impact statement read by the victim's widow, Judy Olson. Defendant exercised his right of allocution to express sympathy for Mrs. Olson and to ask the court to impose the minimum sentence. After receiving recommendations of counsel, the court made findings and imposed sentence.

In mitigation, the court found that defendant did not contemplate that his conduct would cause or threaten serious physical harm to another; his conduct was induced by another; and defendant had no history of criminal activity. 730 ILCS 5/5—5—3.1(a)(2), (a)(5), (a)(7) (West 1994). In aggravation, the court found that defendant's conduct caused or threatened serious harm; he received compensation for committing the offense; by the duties of his office or position, he was obliged to prevent the offense or bring offenders to justice; and a severe sentence was needed to deter others from committing the same crime. 730 ILCS 5/5—5—3.2(a)(1), (a)(2), (a)(4), (a)(7) (West 1994). Considering that Skiles had received a 24-year prison term, the court stated that the same sentence should be imposed for defendant. Defendant's motion to reduce sentence was denied, and he appeals.

## ANALYSIS

Initially, defendant claims that the trial court improperly considered that his conduct caused or threatened serious harm. Defendant argues that this factor is implicit in the offense of aggravated arson, yet the court based its sentencing decision "totally on this factor. We do not agree.

■ Sound public policy dictates that a defendant's sentence be varied in accordance with the particular circumstances of the crime. *People v. Saldivar*, 113 Ill. 2d 256, 497 N.E.2d 1138 (1986). Certain criminal conduct may warrant a harsher penalty than other conduct punishable under the same statute. *Saldivar*, 113 Ill. 2d 256, 497 N.E.2d 1138. Thus, a sentencing court may consider the degree of harm caused by a certain aggravated arson, even though injury and threat of harm are implicit in the offense. *People v. Goyer*, 265 Ill. App. 3d 160, 638 N.E.2d 390 (1994).

■ In this case, the statutory charge of aggravated arson required proof of property damage and injury to a fireman. 720 ILCS 5/20—1.1(a)(3) (West 1994). The collapse of a building and fatal injuries to a fireman are neither elements of aggravated arson nor dangers im-

plicit in the offense. They are facts that could be properly considered in imposing sentence. The court's comments demonstrate that the court was aptly concerned about the fact that Olson died from injuries he suffered fighting the fire, not merely the fact that he was injured. Accordingly, we find that the court properly considered the degree of harm caused by this crime and not the harm or threat of harm implicit in the elements of aggravated arson. See *People v. Bone*, 103 Ill. App. 3d 1066, 432 N.E.2d 329 (1982).

■ Defendant next claims that the court erred by considering that he received compensation for committing the offense. Again, we disagree. The record supports the court's finding that defendant accepted a VCR as payment for setting the fire. See *People v. Conover*, 84 Ill. 2d 400, 419 N.E.2d 906 (1981).

■ Defendant also contends that the trial court improperly considered that he had a duty by his position as an employee not to destroy his employer's property.

This factor in aggravation applies where "the defendant, by the duties of his office or by his position, was obliged to prevent the particular offense committed." 730 ILCS 5/5—5—3.2(a)(4) (West 1994). We believe that the legislature did not intend to apply this factor to a store employee hired merely to deliver goods and collect accounts payable. The defendant's obligation to prevent an offense based on his office or position inherently requires some substantive indicia of responsibility on his part. None exists here. Defendant had no managerial or supervisory authority. Nor does it appear that he was assigned duties to guard the business, prevent fires, report crimes or otherwise provide security. Accordingly, the trial court should not have considered defendant's position as an employee as a factor in aggravation. See *People v. Bosley*, 197 Ill. App. 3d 215, 533 N.E.2d 1187 (1990); *People v. Zemke*, 159 Ill. App. 3d 624, 512 N.E.2d 374 (1987).

■ Finally, defendant argues that his 24-year sentence was excessive because the three factors found by the court in mitigation substantially outweighed the factors in aggravation. He requests this court to reduce his sentence to six years.

Ordinarily, a trial court's sentencing decisions are entitled to great weight and deference. *People v. Perruquet*, 68 Ill. 2d 149, 368 N.E.2d 882 (1977). The determination of an appropriate sentence is normally left to the sound discretion of the trial court. *People v. Streit*, 142 Ill. 2d 13, 566 N.E.2d 1351 (1991). A trial judge is in a better position than an appellate court to fashion an appropriate sentence. *People v. Streit*, 142 Ill. 2d 13, 566 N.E.2d 1351 (1991).

Here, defendant was convicted of a Class X offense, for which the

sentencing range is 6 to 30 years' imprisonment (730 ILCS 5/5—8—1(a)(3) (West 1994)). Defendant's sentence was at the high end of the range, notwithstanding the presence of mitigating factors, including no history of criminality. In this case, however, we do not know how the improper consideration of defendant's employment influenced the court's decision. Therefore, we vacate defendant's sentence and remand for a new hearing pursuant to section 5—5—3(d) of the Unified Code of Corrections (730 ILCS 5/5—5—3(d) (West 1994)). See *Zemke*, 159 Ill. App. 3d 624, 512 N.E.2d 374; *Bone*, 103 Ill. App. 3d 1066, 432 N.E.2d 329.

## CONCLUSION

Defendant's sentence is vacated, and the cause is remanded to the circuit court of Warren County for resentencing.

Reversed and remanded.

MICHELA, J., concurs.

JUSTICE HOLDRIDGE, dissenting:

I respectfully dissent from the majority's holding that the trial court committed reversible error when it found that defendant's violation of his fiduciary duty not to intentionally torch his employer's property was an aggravating factor in pronouncing sentence for the crime of aggravated arson.

The trial court considered defendant's violation of his duty not to destroy his employer's property to be within the meaning and intent of the statutory aggravating factor where "the defendant, by the duties of his office *or by his position,* was obligated to prevent the particular offense committed." (Emphasis added.) 730 ILCS Ann. 5/5—5—3.2(a)(4) (Michie 1994). I simply cannot agree with the majority's conclusion the trial court was in error.

While the majority may be correct in stating that "[t]he defendant's obligation to prevent an offense based on his office or position inherently requires some substantive indicia of responsibility on his part," I cannot agree with its conclusion that "[n]one exists here." 292 Ill. App. 3d at 760. True, defendant had no managerial or supervisory authority, nor was he required to provide security. However, it is fundamental to the employer-employee relationship (*i.e.,* defendant's "position" *vis-a-vis* his employer) that an employee not spread gasoline around the employer's store, light a fire and leave. An employee has an absolute duty to his employer to prevent his own misconduct. See *People v. Warwick*, 123 Ill. App. 3d 692, 697 (1984).

Indeed, it is well settled that a special fiduciary relationship exists on the part of an employee toward his employer. There is no question that:

"[w]hile acting as an agent or employee of another, one owes the duty of fidelity and loyalty; accordingly, a fiduciary cannot act inconsistently with his agency or trust; *i.e.*, solicit his employer's customers for himself, entice coworkers away from his employer, or appropriate his employer's personal property." *ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.*, 62 Ill. App. 3d 671, 683 (1978).

To that list of examples of breach of an employee's fiduciary duty to his employer, I would add "burn down the employer's place of business."

I also believe that *People v. Bosley* and *People v. Zemke*, cited by the majority for the proposition that a trial court cannot consider a defendant's position as an employee as a factor in aggravation, are distinguishable from the case at bar. In both these cases the trial court considered the mere fact that the defendant in a criminal sexual abuse case was a fireman or a minister as coming within the gambit of the statutory section at issue. The reviewing court, in each of those cases, correctly noted that the defendants' crimes had no relationship to their job duties. In the matter *sub judice*, however, there is a direct link between the defendant's crime and his *position* as the arson victim's employee. This link is sufficient, I believe, to permit the trial court to consider the defendant's *position* as the victim's employee as an aggravating factor when imposing sentence.

Assuming, *arguendo*, that the majority was correct in finding that the defendant's status as the arson victim's employee was not an aggravating factor under section 5—3.2(a)(4) of the statute, the trial court still could consider the defendant's breach of his duty to his employer as an aggravating factor when passing sentence. It is well settled that a trial court is not limited to considering only the statutory aggravating factors and may consider any fact which would tend to aggravate the offense. *People v. Helm*, 282 Ill. App. 3d 32, 34 (1996). Indeed, a trial court may consider nonstatutory factors as aggravating factors in determining whether to impose a more severe sentence. Even though the legislature has decided to enumerate certain factors that are to be given weight, that enumeration is not exclusive. *People v. Irby*, 237 Ill. App. 3d 38, 70 (1992). Therefore, even if the trial court's consideration of the defendant's position was not a factor contemplated by the legislature in enumerating certain aggravating factors, there has been no showing that the trial court abused its discretion in considering that fact in aggravation.

For the reasons discussed, I would uphold the trial court's sentence and I therefore, respectfully, dissent.